[Civ. No. 53454. Second Dist., Div. Four. Apr. 3, 1979.]

SELBY CONSTRUCTORS, Plaintiff and Respondent, v.
JOHN L. McCARTHY et al., Defendants and Appellants.

518

COUNSEL

Newton & Irvin and Richard B. Newton for Defendants and Appellants.

William T. Selby and Harry T. Straitiff for Plaintiff and Respondent.

OPINION

JEFFERSON (Bernard), J.—Plaintiff Selby Constructors, a California corporation, filed a complaint alleging breach of a residential construction contract and seeking enforcement of a mechanic's lien on the subject property, located at 3445 Ocean Drive, Oxnard, California. Named as defendants were the home owners, John L. and Pat McCarthy, husband and wife, and Security Pacific National Bank.[1]

Total price of the project was $67,314. The McCarthys had paid $45,306.41 to plaintiff, the general contractor, who sought the balance due of $22,277.59. Defendants answered the complaint, setting forth affirmative defenses of nonperformance and negligent performance; they also cross-complained for damages on the same grounds.

Trial was by the court, sitting without a jury. Plaintiff Selby received judgment of $22,277.59 and attorney fees of $7,500. Defendants have appealed from the judgment.

I

*Appeal Not Moot Even Though*
*Judgment Has Been Satisfied*

While this appeal was pending, defendants paid $35,213.34 to plaintiff, thereby satisfying the judgment. According to the declaration of their counsel filed in this court, payment of the judgment was made by defendants to prevent further running of interest and to preclude threatened execution upon the subject property and other assets of the defendants. Plaintiff perfected a satisfaction of judgment and asked this court to dismiss the appeal as moot. We denied plaintiff's motion without prejudice to later consideration, and we now consider it.

---

[1]The bank held a security interest in the residence. While it is an appellant here along with the home owners, no issues involving it directly have been raised here.

■  The general rule is to the effect that a party impliedly waives the right to appeal from a judgment if he *voluntarily* complies with its terms or if he satisfies it by voluntary payment or otherwise. However, a waiver is implied in this situation "only if the satisfaction or compliance is by way of compromise, or is coupled with an agreement not to appeal. Where it is compelled or coerced, e.g., by the threat of forfeiture or seizure of property under execution, there is no waiver." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 135, p. 4129; see, also, *Reitano* v. *Yankwich* (1951) 38 Cal.2d 1, 3 [237 P.2d 6]; *Lee* v. *Brown* (1976) 18 Cal.3d 110, 116 [132 Cal.Rptr. 649, 553 P.2d 1121].)

In its motion to dismiss, plaintiff argues that, despite the defendants' stated intention to pursue this appeal, their objective conduct in making payment constitutes a waiver. Plaintiff also asserts that the appeal is frivolous and has been taken for purposes of delay. If the plaintiff is correct that satisfaction of judgment in and of itself renders an appeal moot, there would be no need for us to inquire into the circumstances of payment; but as indicated above, this is not the law. The record establishes that payment was coerced by the threat of execution on defendants' property. This fact is not denied by plaintiff. Since satisfaction of the judgment was enforced, we conclude that defendants have not waived their right to appeal from the judgment rendered against them.

## II

### *Right to Arbitration Lost by Virtue of the Law-of-the-case Doctrine*

Defendants contend that we should reconsider, as an issue on this appeal, the effect on this litigation of the fact that the construction contract entered into by the parties contained an arbitration provision.

We briefly summarize the circumstances presented here. In defendants' answer to plaintiff's complaint, defendants raised as an affirmative defense the arbitration provision of the contract. Defendants also filed a cross-complaint; there were other motions made such as a motion for a change of venue; this motion was denied. Months later, defendants sought an order compelling arbitration. The trial court ruled that plaintiff's action to enforce the mechanic's lien was not subject to arbitration and, further, that defendants had waived the right to arbitration by instituting various proceedings in the superior court. Defendants appealed that ruling to this court and, in an unpublished

opinion filed on December 27, 1977, the Second Appellate District, Division Two, upheld the trial court's ruling on the ground of waiver.

Plaintiff takes the position that, since the arbitration issue has been litigated through the appellate stage it should not be cognizable on this appeal because of the doctrine of the law of the case.

The law-of-the-case doctrine has been set forth in the following language: "The doctrine of 'law of the case' deals with the effect of the *first appellate decision* on the subsequent *retrial or appeal*: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 633, p. 4552.) (Italics in original.)

■  The purpose of the law-of-the-case doctrine is to prevent multiple litigation of the same issue, and it "is exclusively concerned with issues of law and not fact." (*People* v. *Shuey* (1975) 13 Cal.3d 835, 842 [120 Cal.Rptr. 83, 533 P.2d 211].)  ■  Recent authority has made clear that the doctrine reflects policy; it is procedural rather than substantive, and need not be applied when to do so would lead to a harsh or inequitable result. (*People* v. *Medina* (1972) 6 Cal.3d 484 [99 Cal.Rptr. 630, 492 P.2d 686].) Defendants do not present any persuasive reasoning that would call upon us to hold that application of the law-of-the-case doctrine would lead to a harsh or inequitable result. The opinion rendered on the arbitration issue in the prior appeal rested the decision on the circumstance that defendants had failed to pursue their arbitration rights in any meaningful way for approximately a year after the litigation commenced. That decision does not appear to be erroneous, and is entitled to be regarded as a final disposition by virtue of application of the doctrine of the law of the case.

### III

### *Denial of the Right of Trial by Jury*

Of more serious proportion is defendants' contention that they were deprived of their right to trial by jury.  ■  A ruling denying a party's claim to trial by jury is reviewable by writ. (*Southern Pac. Transportation Co.* v. *Superior Court* (1976) 58 Cal.App.3d 433 [129 Cal.Rptr. 912].) Such a review would normally appear to be the better practice in the interest of saving the time needlessly expended in a court trial if an erroneous

jury trial denial has occurred. Nevertheless, a denial of a jury trial is also reviewable on appeal from the judgment. (*C & K Engineering Contractors* v. *Amber Steel Co.* (1978) 23 Cal.3d 1 [157 Cal.Rptr. 923, 587 P.2d 1136]; *Heim* v. *Houston* (1976) 60 Cal.App.3d 770 [131 Cal.Rptr. 755].)

In the instant case, the ruling denying a jury trial to defendants was contained in a minute order dated February 8, 1977, made shortly before trial by the court began. The order did not specify upon what ground the denial was based. The trial court judge ultimately signed findings of fact and conclusions of law prepared by the plaintiff stating that the defendants had "waived" their right to jury trial.

We have examined the superior court file with respect to waiver. As we shall explain, there is nothing in the court record below showing waiver. Our discussion commences with the observation that the right to jury trial is guaranteed by the California Constitution in article I, section 16, which provides: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute. [¶] In civil causes and cases of misdemeanor the jury may consist of 12 or a lesser number agreed on by the parties in open court."

The Legislature has declared specifically the circumstances under which a party is entitled to a jury trial. In Code of Civil Procedure section 592, the specification is that "[i]n actions for the recovery of specific, real, or personal property, with or without damages, *or for money claimed as due upon contract, or as damages for breach of contract,* or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, . . ." (Italics added.)

Code of Civil Procedure section 631 sets forth the circumstances under which a jury trial may be waived. In pertinent part for the issue before us, it provides for a waiver "1. By failing to appear at the trial; [¶] 2. By written consent filed with the clerk or judge; [¶] 3. By oral consent, in open court, entered in the minutes or docket; [¶] 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation; . . . [¶] 5.

By failing to deposit with the clerk, or judge, a sum equal to the amount of one day's jury fees payable under the law, . . ."

■   Section 631 has been repeatedly interpreted as setting forth strict requirements. In *DeCastro* v. *Rowe* (1963) 223 Cal.App.2d 547, 552 [36 Cal.Rptr. 53], the court observed that "[i]t has been repeatedly held that trial by jury may be waived *only* in the manner designated by Code of Civil Procedure section 631 and that it cannot be waived by implication." (Italics added.)

■   The record before us reveals that, in December 1975, in timely fashion, defendants made written demand for a jury trial. Their motion was denied, without prejudice to later renewal, at a settlement conference held in July 1976. The judge who denied the motion expressed the view (as reported in the reporter's transcript of the proceedings lodged in the court file) that an action to foreclose a mechanic's lien did not entitle a party to trial by jury. Before trial, defendants noticed a motion, with points and authorities, demanding a jury trial and deposited one day's fees in accordance with the requirements of Code of Civil Procedure section 631. By minute order dated February 8, 1977, their motion was denied. The reporter's transcript indicates that, at the beginning of the court trial, defendants advised the court that they were not waiving their right to jury trial by proceeding to trial before the court without a jury. The trial judge responded by recognizing the continuing objection on the part of the defendants to the court's proceeding with a nonjury trial. Thus, it is manifestly clear that there was no waiver by defendants of any right to a jury trial possessed by them.

In the absence of waiver, we address ourselves to an analysis of the issues raised by the pleadings in the instant case.   ■   It has long been established that the determination as to whether a jury trial is required depends upon the characterization of the issues as equitable or legal. Equitable issues may be determined without a jury, while resolution of legal issues must be by jury if the constitutional guarantee is appropriately invoked. (*Abbott* v. *City of Los Angeles* (1958) 50 Cal.2d 438, 462 [326 P.2d 484].)

Traditionally, legal issues have been identified as those involving causes of action recognized at common law at the time the California Constitution was adopted. A more modern statement may be found in *Paularena* v. *Superior Court* (1965) 231 Cal.App.2d 906, 911-912 [42 Cal.Rptr. 366]: "Whether a cause of action is in law or equity is determinable from a consideration of the common law as it existed at the

time of its adoption by this state, and 'in the light of such modifications thereof as have taken place under our own system' [citations]; depends in large measure upon the mode of relief to be afforded [citations]; is ascertained from the gist of the action as framed by the pleadings and the facts in the case [citations]; but is not fixed by the prayer or the title."

█ In the instant case, we have a general contractor suing on a contract to obtain a money judgment against the home owners and, in addition, to obtain a lien (not a personal judgment) on the subject property to enforce contractual rights. The California Constitution, in article XIV, section 3, affords recognition to mechanics' liens in the following language: "Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

The Legislature responded to the constitutional mandate by enacting a chapter on mechanics' liens which is contained in the Civil Code, commencing with section 3109. Civil Code section 3110 sets forth a broad definition of those persons who are entitled to the relief provided in the chapter. The case law has uniformly characterized the legislation as remedial in nature, to be liberally construed in favor of working persons; the objective has been to provide swift relief for this protected group. (See, generally, 1 Miller & Starr, Current Law of Cal. Real Estate, pt. 2 (1975 revision), ch. 10, p. 507.) Such protection was deemed necessary to counterbalance the economic advantage enjoyed by those who benefited from the services rendered and the materials furnished, and to discourage a casual attitude toward payment of the obligations incurred.

However, it was cogently stated in *Frank Curran Lbr. Co.* v. *Eleven Co.* (1969) 271 Cal.App.2d 175, 183 [76 Cal.Rptr. 753]: "The constitutional mandate is a two-way street, requiring a balancing of the interests of both lien claimants and property owners. In carrying out this constitutional mandate the Legislature has the duty of balancing the interests of lien claimants *and* property owners." (Italics added.)

The case law adheres to the view that the foreclosure of a mechanic's lien, like the foreclosure of a mortgage, is an action sounding in equity rather than law. (*Coghlan* v. *Quartararo* (1911) 15 Cal.App. 662 [115 P. 664]; *Withington* v. *Shay* (1941) 47 Cal.App.2d 68 [117 P.2d 415, 119 P.2d 1]; *Distefano* v. *Hall* (1963) 218 Cal.App.2d 657 [32 Cal.Rptr. 770].) It is understandable that such a view would evolve, as one pursuing the

remedy need not establish contractual privity with the subject property's owner; in the case of a subcontractor or a materialman, there may be none. Enforcement of the lien, in and of itself, creates no personal obligation on the part of the owner to the lien holder. This does not mean, however, that the property owner may not attempt to defend against the imposition of the lien; the lien claimant has the burden of establishing the validity of the claim. If the challenge to the lien is procedural, relating to the question of compliance with statutory requirements for its perfection, it may be seen that no jury trial is necessary as a matter of right.

However, where the subject property's owner disputes the validity of the lien on a ground such as a claim that the work or material was defective, and raises the issue by answer or cross-complaint, a different situation is presented. And where the lien is sought to enforce the terms of a contract executed by the lien claimant and the subject property owner, clearly contractual and legal issues have been injected into the matter.

The effect of both equitable and legal issues in a case was discussed by the California Supreme Court in the early case of *Robinson* v. *Puls* (1946) 28 Cal.2d 664 [171 P.2d 430]. It was there said that "[t]he issues raised by the complaint were both equitable and legal in nature and those raised by the cross-complaint were solely legal in character. It is settled in this state that where legal and equitable issues are joined in the same action the parties are entitled to a jury trial on the legal issues." (*Id.,* at pp. 665-666.) In addition, we find this statement of the law in *Distefano*: "An action to foreclose a mechanic's lien is a suit in equity and a party thereto is not entitled to a jury trial. [Citations.] *However, where a personal judgment is sought against the defendant in such an action a jury trial is proper.* [Citation.]" (*Distefano, supra,* 218 Cal.App.2d 657, 662, fn. 6.) (Italics added.) (Accord, 1 Miller & Starr, *supra,* § 10:32, p. 574.)

We return to the case at bench. Here the plaintiff contractor joined two causes of action, both based upon an underlying contract, one aimed at obtaining a personal judgment for the unpaid contractual balance, the other seeking enforcement of the claim by lien. Defendant homeowners, by answer and cross-complaint, sought to defeat these objectives by raising essentially similar defenses to both, i.e., nonperformance and negligent performance of the contract. The quality of plaintiff's contractual performance could only be adjudicated with reference to the provisions of the contract—whether the result related to the relief sought of a money judgment or enforcement of the lien. These were legal issues.

In our view, the equitable issues which could reasonably be tried by the trial court alone were only those, if any, relating to the manner in which the lien was perfected. The validity of the underlying claim was a legal issue which defendants were entitled to have resolved by a jury.

We conclude,. therefore, that defendants herein were wrongfully deprived of their right to trial by jury on the issue of liability, i.e., contractual performance. ■ So important is the right denied here that, as in other cases of denial of rights, such deprivation is reversible error per se, without the need to demonstrate actual prejudice. Denial of the constitutional right to a jury trial in a civil case is reversible to prevent a miscarriage of justice. (See *DeCastro, Heim,* both *supra.*)

## IV

### Effect of Satisfaction of a Judgment
### Upon Reversal and Remand

One more problem remains herein, occasioned by reversal of the judgment—that of considering the circumstance that the judgment has been paid. Code of Civil Procedure section 908 provides: "When the judgment or order is reversed or modified, the reviewing court may direct that the parties be returned so far as possible to the positions they occupied before the enforcement of or execution on the judgment or order. In doing so, the reviewing court may order restitution on reasonable terms and conditions of all property and rights lost by the erroneous judgment or order, so far as such restitution is consistent with rights of. third parties and may direct the entry of a money judgment sufficient to compensate for property or rights not restored. The reviewing court may take evidence and make findings concerning such matters or may, by order, refer such matters to the trial court for determination."

As our discussion indicates, we have found merit in defendants' appeal.

The judgment is reversed with directions that, upon appropriate motion by defendants, the trial court shall order restitution to defendants John L. and Pat McCarthy of the amount paid by them to satisfy the judgment, restitution to be made by plaintiff on reasonable terms and conditions, pending retrial of the cause.

Files, P. J., and Alarcon, J., concurred.

A petition for a rehearing was denied April 26, 1979, and respondent's petition for a hearing by the Supreme Court was denied May 30, 1979.