[Civ. No. 17150. Third Dist. June 11, 1979.]

IRENE M. SMITH, Petitioner, v.
THE SUPERIOR COURT OF SISKIYOU COUNTY, Respondent;
THE STATE OF CALIFORNIA EX REL. DEPARTMENT OF
TRANSPORTATION, Real Party in Interest.

**COUNSEL**

Reese & Halkides and Larry Moss for Petitioner.

No appearance for Respondent.

Harry S. Fenton, Robert F. Carlson, Patrick Waltz and William R. Morrisroe for Real Party in Interest.

**OPINION**

**PARAS, J.**—This is a petition for peremptory writ of mandate (or prohibition) to require the respondent Superior Court of Siskiyou County to afford petitioner a jury trial.

The State of California, acting through the Department of Transportation (hereinafter plaintiff), brought suit in the small claims division of the Yreka Judicial District against petitioner (hereinafter defendant), seeking the sum of $491.90 damages to a road sign allegedly caused by defendant's negligent operation of a motor vehicle. Following trial, judgment was entered for plaintiff. Defendant appealed to the superior court, where she requested trial by jury. The request was denied[1] because "[t]he matter of appeals to superior court does not involve a jury trial." We sustain the petition.

■ It is (and since 1879 has been) provided in the California Constitution, article I, section 16 (formerly § 7), that "[t]rial by jury is an inviolate right and shall be secured to all . . . ." Since 1872, Code of Civil Procedure section 592 has provided that "[i]n actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or *for injuries,* an issue of fact must be tried by a jury, unless a jury trial is waived, . . ." (Italics added.)

■ ■■■ With particular reference to the small claims court, the statutes provide that a defendant who has not sought any affirmative relief therein may appeal an adverse judgment to the superior court. (Code Civ. Proc., § 117.8)[2] On such an appeal ". . . the action shall be tried anew," according to rules of the Judicial Council. (Code Civ. Proc., § 117.10.) The Judicial Council rule provides that a trial on an appeal from a small claims court ". . . shall be conducted pursuant to law and rules in all respects as other trials in the superior court . . . ." (Cal. Rules of Court, rule 155.) Such rule provides for a jury in "other trials" involving the subject matter of the case before us. It follows that petitioner is entitled to a jury.

■ Plaintiff's only position is that there was no common law cause of action for damage to state road signs in 1879 when the California

---

[1]Subsequent to the denial order, in response to an interrogatory by plaintiff, defendant admitted liability but reserved her claim of right to jury trial on the issue of damages.

[2]The judgment of a small claims court is final as to the plaintiff and as to any defendant who has cross-complained or otherwise sought affirmative relief. (Code Civ. Proc., § 117.8.) The legislative rationale behind this segment of the small claims system seems apparent. A litigant who has *chosen* to take advantage of the quick and inexpensive procedure of the small claims court is bound by its judgment, but a defendant who has been *forced* into that court and has not sought affirmative help from it should not be so bound but should be allowed to appeal to a higher court. (See Code Civ. Proc., § 904.5; *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573-574 [110 P.2d 1025].)

constitutional provision on the right to jury trial was adopted, thus there can be no right to trial by jury now on any phase of such a cause of action. In support of this proposition, plaintiff cites cases holding that the Constitution guarantees trial by jury only to the extent that it existed at common law when the Constitution was adopted. (See *People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832]; *People* v. *Frangadakis* (1960) 184 Cal.App.2d 540, 545 [7 Cal.Rptr. 776].) Since the only causes of action for damage to highways or to highway signs were provided by English statutes enacted in 1823 and in 1835, plaintiff notes the absence of common law on the subject, to be included within the Constitution's guarantee.

But cases such as *Chevrolet Coupe* and *Frangadakis* make it plain that the Constitution intends to prohibit the Legislature from *removing* any legal issues triable by jury at common law from the right to jury trial; it does not prohibit the *addition* of issues triable by jury. The resulting broad general principle is that legal issues, as distinguished from equitable issues, are triable by jury. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 75, p. 2910 and cases therein cited.) An action for damages for injury to property is one involving legal issues as to which there is a right to a jury trial. (*Highland Realty Co.* v. *City of San Rafael* (1956) 46 Cal.2d 669, 682 [298 P.2d 15].) Moreover, the issue of damages, in and of itself, is such a factual issue. (*Dorsey* v. *Barba* (1952) 38 Cal.2d 350, 356 [240 P.2d 604].)

Plaintiff has brought a legal (as opposed to equitable) suit against defendant pursuant to specific statutory authorization for the Department of Transportation to bring suit to recover amounts owing to the state and having to do with highways. (Sts. & Hy. Code, § 140.5.) As pointed out by the court in *Dorsey* v. *Barba, supra,* at page 356, "[t]he constitutional guarantee [of a jury trial] does not require adherence to the letter of common law practice, and new procedures better suited to the efficient administration of justice may be substituted if there is no impairment of the substantial features of a jury trial." The procedures provided in the statutory pattern for appeal by a defendant in a small claims action to the superior court are just such procedures as described by the court in *Dorsey.* The statutes and rules are unequivocal; the right of defendant to a jury trial may not be denied.[3]

---

[3]We are not unmindful of the potential practical impact of our holding. But we can only interpret the Constitution, statutes and rules; we cannot alter them.

Let a peremptory writ of mandate issue commanding the respondent superior court to permit the matter of State of California, Department of Transportation v. Irene M. Smith, superior court No. 29357, to proceed to jury trial. The order to show cause is discharged and the order staying further proceedings is dissolved, upon finality of this decision.

Puglia, P. J., and Janes, J., concurred.