Opinion
RAMSEY, P. J.
Facts
Appellants and respondent State of California, Department of Transportation (Transportation) on January 3, 1980, entered into a month-to-month agreement for the rental of a single-family residence located at 24261-2d Street, Hayward, California. Appellants failed to pay rent for August and September 1982 and Transportation served them with a three-day notice to pay rent or quit. When they did neither, Transportation filed an unlawful detainer complaint. Appellants asserted, among others, affirmative defenses of breach of warranty of habitability and retaliatory eviction and demanded a jury trial on both issues.
Appellants were granted a jury trial on the issue of habitability but were denied a jury trial on the issue of retaliatory eviction. The trial court held that the latter was an equitable defense triable by the judge alone. Both the jury and judge found for Transportation. Appellants thereafter brought a motion for new trial which was denied. This timely appeal followed.
Discussion
It is the judgment of this court that appellants are entitled to a jury trial on the issue of retaliatory eviction.
*Supp. 44 I.
The right to a jury trial in civil cases is guaranteed by the California Constitution, article I, section 16. This right is specifically granted in unlawful detainer actions by Code of Civil Procedure section 1171. The issue presented at trial and on appeal, however, is rooted in California cases holding that the right to a jury trial is guaranteed in civil actions at law but not in cases at equity. (See, for example, C & K Engineering Contractors v. Amber Steel Co. (1978) 23 Cal.3d 1, 8 [151 Cal.Rptr. 323, 587 P.2d 1136].) These cases provide that the right to a jury trial in civil cases is not a blanket one, but turns on whether the issue is one at law or in equity. (See Richard v. Degen & Brody Inc. (1960) 181 Cal.App.2d 289 [5 Cal.Rptr. 263] and People v. One 1941 Chevrolet Coupe (1951) 37 Cal.2d 283 [231 P.2d 832].)
The right to a jury trial in a civil action does not depend on whether or not the action itself existed when the constitutional provision on the right to a jury trial was adopted, and the California Constitution does not prohibit the addition of issues triable by jury. (Smith v. Superior Court (1979) 93 Cal.App.3d 977, 979 [156 Cal.Rptr. 149].) Whether a cause of action is in law or equity must be determined by a “consideration of the common law as it existed at the time of its adoption by this state, and in light of such modifications thereof as have taken place under our own system.” (Paularena v. Superior Court (1965) 231 Cal.App.2d 906, 911 [42 Cal.Rptr. 366].) When determining whether an action is at law or in equity, we must look to the “gist of the action as framed by the pleadings and facts of the case” and to the mode of relief to be afforded. The fact that equitable principles are applied in the action does not necessarily identify the resultant relief as equitable. (Paularena, supra, at pp. 911 and 912. See also C & K Engineering, supra, 23 Cal.3d, at pp. 9 and 10.)
In People v. One 1941 Chevrolet Coupe, supra, 37 Cal.2d 283, the court addressed the issue of whether forfeiture of an automobile is a case at law. The court reasoned that although forfeiture of automobiles did not exist in common law, the case should nevertheless be treated like cases of the same nature: forfeiture of carriages, wagons and horses. The court stated that although the proceeding appeared to be an equitable proceeding in rem, it was really directed against persons with interests in the automobile and is in reality one in law.
In the more recent case of C & K Engineering, supra, 23 Cal.3d 1, the court essentially applied the same standard. It found that although the complainant sought recovery of damages for breach of contract, which in form is an action at law, the relief sought in that instance depended upon the *Supp. 45 application of the equitable doctrine of estoppel to enforce the defendant’s gratuitous promise to perform. The court held that the plaintiffs were not entitled to a trial by jury.
So whether a specific issue is triable to jury depends on the nature of that issue and the historical classification of reliefs as legal or equitable.
II.
The defense of retaliatory eviction did not exist at common law, whether in law or equity. The first case to recognize the defense was Edwards v. Habib (D.C. App. 1968) 397 F.2d 687, certiorari denied (1969) 393 U.S. 1016 [21 L.Ed.2d 560, 89 S.Ct. 618]. Judge Skelly Wright, writing for the court, addressed in detail the constitutional and public policy considerations for allowing such a defense. His opinion carefully considered a citizen’s right to petition the government for redress, First Amendment rights of tenants and the issue of state action. The court ultimately found it unnecessary to base the decision on constitutional grounds because as a matter of statutory construction, it was clear that the Legislature intended for such a defense to be allowed. The court, however, did remark that constitutional considerations were important to its decision. Edwards is the seminal case on the subject of retaliatory eviction and state courts and legislatures have followed its lead; among them are New York and California. (See Portnoy v. Hill (1968) 57 Misc.2d 1097 [294 N.Y.S.2d 278]; Schweiger v. Superior Court (1970) 3 Cal.3d 507 [90 Cal.Rptr. 729, 476 P.2d 97], and Civ. Code, § 1942.5.)
The common law retaliatory eviction defense was first announced in this state by the California Supreme Court as necessarily implied by the policy considerations which led to the enactment of Civil Code sections 1941 (landlord to put building into condition and keep fit for occupancy) and 1942 (tenant’s right to repair or vacate). In Schweiger, supra, the California Supreme Court quoted Edwards, supra, 397 F.2d 687, at length as the leading case, and implicitly recognized the constitutional principles involved. (See Schweiger, supra, 3 Cal.3d at p. 512.) The court also discussed its equitable power in recognizing the defense. The court was, however, obviously not holding that the issue could not be tried before a jury when it talked of equity, as at page 517 it also quoted, albeit in dictum, the passage from Edwards that the issue of improper purpose is “ ‘one of fact for the court or jury. ’ ” (Italics added.)
The view that Schweiger is not dispositive of the issue presented by the case at bar also finds support in Green v. Superior Court (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168], a case where the Supreme Court *Supp. 46 allowed the defense of breach of warranty of habitability to be raised in an unlawful detainer action. In footnote 19 of that opinion the court explicitly noted that Schweiger did not decide if the defense of retaliatory eviction was “legal” or “equitable.” {Green, supra, at p. 634.)
We therefore believe that the question of whether one is entitled to a jury trial on the issue of retaliatory eviction in an unlawful detainer action, should not be considered in terms of whether the common law defense of retaliatory eviction found by Schweiger to be necessarily implied by Civil Code sections 1941 and 1942 is an “equitable defense.” As stated above, this issue was not directly addressed by the Supreme Court in Schweiger. Also, the court did imply, through its quotation of language from Edwards, supra, 397 F.2d 687, that the question of whether the landlord had an impermissible purpose as a motive for the eviction, was one of fact for the court or jury.
III.
We believe our analysis will be best served by a consideration of the fact that the Legislature enacted Civil Code section 1942.5 which expressly provides for the defense of retaliatory eviction. Code of Civil Procedure section 1171 provides that the parties in an unlawful detainer action are entitled to have all issues of fact determined by a jury. Since the statutory defense of retaliatory eviction created by Civil Code section 1942.5 may be pleaded as a defense in an unlawful detainer action, this court is convinced that Code of Civil Procedure section 1171 necessarily allows for a jury trial on the issue of retaliatory eviction in any unlawful detainer action where it is asserted as a defense. We find it to be a legal defense, enacted by the Legislature to effectuate exercise of the rights granted tenants under Civil Code sections 1941 and 1942. (See Kriz v. Taylor (1979) 92 Cal.App.3d 302 [154 Cal.Rptr. 824] and Schweiger, supra, 3 Cal.3d at p. 516.)
The appellants asserted in their pleadings, among other things, that they were evicted because they helped form a tenants organization. This claim falls squarely within the provisions of Civil Code section 1942.5, subdivision (c), which provides: “(c) It shall be unlawful for a lessor to increase rent, decrease services, cause a lessee to quit involuntarily, bring an action to recover, possession, or threaten to do any of such acts, for the purpose of retaliating against the lessee because he or she has lawfully organized or participated in a lessees’ association or an organization advocating lessees’ rights or has lawfully and peaceably exercised any rights under the law.”
IV.
Denial of the right to trial by jury is reviewable on appeal from the judgment. {Selby Constructors v. McCarthy (1979) 91 Cal.App.3d 517, 521 *Supp. 47 [154 Cal.Rptr. 164].) The denial of that right mandates reversal upon appeal. “Where a case is triable by jury and a jury is not waived, denial or substantial impairment of the right has been held to constitute an excess of jurisdiction.” (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 327, p. 4304.) The denial of the right \o trial by jury has been held to be a miscarriage of justice and reversible error per se without the need to demonstrate actual prejudice. {Selby, supra, at p. 521.)
Disposition
We therefore reverse and remand the case to the trial court for a new trial on the issue of retaliatory eviction only.
Schwartz, J., and Sutter, J., concurred.