[No. A024351. First Dist., Div. One. Dec. 21, 1984.]

SUE ANN MALDONADO, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
ROBERT A. IMHOFF, Real Party in Interest.

### COUNSEL

Timothy J. Lee, Arnold C. Ellis and Barry A. Hirshbein for Petitioner.

George Agnost, City Attorney, Harold J. McElhinny, Jody Y. Jakosa and Morrison & Foerster as Amici Curiae on behalf of Petitioner.

Jerome B. Falk, Jr., Margreth Barrett and Howard, Rice, Nemerovski, Canady, Robertson & Falk for Respondent.

No Appearance for Real Party in Interest.

### OPINION

**RACANELLI, P. J.—**██ ██ ██ ██ Petitioner, Sue Ann Maldonado, seeks a writ of mandate to compel respondent superior court to grant her a trial by jury on her appeal de novo from a judgment rendered against her in an unlawful detainer action brought in the small claims division of the municipal court.[1] Following issuance of an alternative writ, respondent superior court filed its return denying petitioner's claim of right of trial by jury. Upon full briefing and argument, the matter was submitted for decision. We grant the requested relief on statutory grounds limited to new trials on appeal from an unlawful detainer small claims action.

#### BACKGROUND

Real party in interest, Robert A. Imhoff,[2] filed an unlawful detainer action against petitioner in the San Francisco small claims court, seeking a judgment for possession of premises in which it is alleged petitioner has lived since 1974 and for back rent.

---

[1] A writ of mandate is a proper remedy to secure the right to a jury trial. (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604].)

[2] Real party has made no appearance herein.

On December 31, 1982, judgment was entered in favor of Imhoff, based upon a finding of rent due in the amount of $945.

On January 18, 1983, petitioner filed a timely notice of appeal, and the proceeding was transferred to respondent superior court for a trial de novo on appeal.

On February 3, 1983, petitioner filed a demand for jury trial together with a request for waiver of jury fees on the grounds of indigency.

On or about February 7, 1983, respondent superior court entered its order denying the application for waiver of jury fees; thereafter, petitioner challenged said ruling by application for extraordinary relief.

On April 17, 1983, this court in a *per curiam* opinion directed the issuance of a peremptory writ of mandate compelling respondent court to set aside its order denying petitioner's request for waiver of jury fees and expenses in the underlying action. (*Maldonado* v. *Superior Court* (1983) 143 Cal.App.3d 185 [191 Cal.Rptr. 495].)

On August 18, 1983, the day set for trial, respondent court *sua sponte* raised the issue of petitioner's entitlement to a jury trial.[3]

On September 8, 1983, respondent court issued its memorandum of decision denying a jury trial. The within proceedings ensued.

### DISCUSSION

Provision for summary unlawful detainer proceedings has existed in this state since 1872 under a statutory scheme set forth in Code of Civil Procedure, part 3, title 3, chapter 4 (§ 1159 et seq.)[4] In 1955, by amendment to former section 117, concurrent jurisdiction over certain unlawful detainer actions was created in the small claims court. (*Mendoza* v. *Small Claims Court* (1958) 49 Cal.2d 668, 669-670 [321 P.2d 9].) Jurisdictional authority is now contained in section 116.2, subdivision (c), which provides as follows: "The small claims division shall have jurisdiction in actions: . . . (c) In unlawful detainer, after default in rent for residential property, where the term of tenancy is not greater than month to month and the

---

[3]Although this precise issue was directly implicated in the earlier proceeding, our invitation to all interested parties to file responsive pleadings therein was met with silence. (See *Maldonado* v. *Superior Court, supra,* 143 Cal.App.3d at p. 187.) (City and County of San Francisco has appeared herein as amicus curiae.)

[4]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

amount claimed does not exceed one thousand five hundred dollars ($1,500)."⁵ ■ Pursuant to section 117.8, subdivision (a), a defendant may appeal a judgment of the small claims court to the superior court. Section 117.10 provides in pertinent part that "[o]n appeal the action shall be tried anew. The Judicial Council shall prescribe by rule the practice and procedure on appeal . . . ."

■ Respondent court concluded below, and argues here, that even if a right to trial by jury on appeal to the superior court from a small claims judgment had previously existed, such right was abrogated by the Judicial Council's amendment, effective January 1, 1983, to rule 155 of the California Rules of Court. Rules 151 through 158 provide generally for the practice and procedure in trials of small claims cases on appeal from municipal and justice courts.⁶

Prior to the amendment, rule 155 provided: "When an action commenced in the municipal or justice court is tried on appeal in the superior court, such trial shall be conducted pursuant to law and rules in all respects as other trials in the superior court are required to be conducted, except that no written findings of fact or conclusions of law shall be required."⁷ Rule 155, as amended, provides: "Trial shall be conducted informally as provided in Code of Civil Procedure section 117 except that attorneys may participate. No tentative decision or statement of decision shall be required." Section 117, subdivision (a), provides in pertinent part as follows: "The hearing and disposition of small claims actions shall be informal, the object being to dispense justice promptly between the parties. The parties shall

---

⁵Thus, a plaintiff landlord has the choice of bringing such an action under either the general unlawful detainer jurisdiction of the municipal court (§ 1159 et seq.) or in the small claims division. (See *Mendoza v. Small Claims Court, supra,* 49 Cal.2d 668, 673 [plaintiff need not elect to sue in small claims court]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 387 [264 P. 488] [small claims plaintiff has alternative of entering the regular jurisdiction of the justice's court].) It has been observed that by electing to sue in small claims court, "the plaintiff is deemed to have waived his right to a jury trial by his choice of the forum." (Note, *The California Small Claims Court* (1964) 52 Cal.L.Rev. 876, 881.)

⁶These rules were first adopted by the Judicial Council effective July 1, 1964, pursuant to authority now contained in article VI, section 6, of the California Constitution and sections 117.10 and 901 of the Code of Civil Procedure. Article VI, section 6, provides in pertinent part that the Judicial Council shall "adopt rules for court administration, practice and procedure, not inconsistent with statute, and perform other functions prescribed by statute."

⁷This rule replaced section 980a of the Code of Civil Procedure. (See Comment, *Small Claims and Justice Court Civil Cases* (1964) 39 State Bar J. 133, 136.) Section 980a, which was added by Statutes 1941, chapter 462, section 4, page 1763, and repealed by Statutes 1963, chapter 871, section 15, page 2120, had similarly provided that the trial on appeal be conducted in all respects as other trials in the superior court. Upon repeal of that section, the Judicial Council was authorized to prescribe by rule the practice and procedure on appeal. (Stats. 1963, ch. 871, § 1, pp. 2113-2114.)

have the right to offer evidence by witnesses at the hearing or, with the permission of the court, at another time. The judge may consult witnesses informally and otherwise investigate the controversy. If the defendant fails to appear, the judge shall still require plaintiff to present evidence to prove his claim. The judge shall give judgment . . . ."

Respondent court concluded that the proviso under amended rule 155, that the trial on appeal be conducted informally, was inconsistent with the theory that it be tried to a jury. While recognizing that a right to jury trial in a small claims appeal had been previously determined in *Smith* v. *Superior Court* (1979) 93 Cal.App.3d 977 [156 Cal.Rptr. 149], respondent court distinguished *Smith* on the basis of its construction of former rule 155. *Smith* involved a suit brought by the State Department of Transportation for damages to a road sign allegedly caused by the defendant's negligent operation of a motor vehicle. The precise basis for the decision in *Smith* is not entirely clear. The court discussed the right to trial by jury under Code of Civil Procedure section 592 and under the provisions of article 1, section 16, of the California Constitution. (*Smith* v. *Superior Court, supra,* 93 Cal.App.3d at pp. 979-980.) The *Smith* court appeared to find both a statutory and constitutional right to trial by jury, while also noting that former rule 155 provided that the trial should be conducted "as other trials in the superior court."[8] (*Id.,* at p. 979.) Respondent court, on the other hand, prescinding from the issue of petitioner's statutory right to a jury trial, laid heavy emphasis on its historical analysis that no *constitutional* right existed. For purposes of our discussion, we assume that the *Smith* court had before it a version of rule 155 compatible with the right to trial by jury, although arguably the present version of rule 155 might not be so construed.

■ Since article VI, section 6 of the California Constitution empowers the Judicial Council to "adopt rules for court administration, practice and procedure, not inconsistent with statute," the rules promulgated by the Judicial Council are subordinate to statutes. (1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 119, p. 389.) ■ Section 117.10, which authorizes the Judicial Council to prescribe by rule the practice and procedure on appeal from small claims judgments, does not provide that such rules may control over any other statutory provisions. ■ To the extent that a rule promulgated by the Judicial Council is inconsistent with a statute, it is invalid. (*In re Robin M.* (1978) 21 Cal.3d 337, 346 [146 Cal.Rptr. 352, 579 P.2d 1]; *Leach* v. *Superior Court* (1980) 111 Cal.App.3d 902, 905 [169

---

[8]At least one court has interpreted *Smith* as holding that "a right to trial by jury following a small claims action was held reserved in a de novo proceeding because to do otherwise would be unconstitutional." (*Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 469 [184 Cal.Rptr. 83].)

Cal.Rptr. 42].) A fortiori, similar inconsistency with a constitutional provision would be likewise fatal.

■■ ■■■ Petitioner, and the City and County of San Francisco appearing as amicus curiae on her behalf, contend that she is separately entitled to a trial by jury pursuant to the provisions of sections 1171 and 592 of the Code of Civil Procedure and article I, section 16 of the California Constitution.[9] ■ We turn our attention to the first of these contentions which is dispositive herein.

Section 1171 provides: "Whenever an issue of fact is presented by the pleadings it must be tried by a jury, unless such jury be waived as in other cases. The jury shall be formed in the same manner as other trial juries in the court in which the action is pending." This section is an integral part of the chapter of the Code of Civil Procedure dealing with summary unlawful detainer actions in general (§§ 1159-1179a). However, respondent contends that it has no application to summary unlawful detainer actions in small claims court whose only "pleadings" consist of a simplified claim form. (See §§ 116.4, 116.8, 117.1.) But we have not been directed to, nor have we independently found, any explicit legislative mandate that section 1171 is inapplicable in such actions.[10] The statutory right to trial by jury in an unlawful detainer action has existed in this state for well over a century. Section 1171 was originally enacted in 1872,[11] and prior to its enactment, statutes dating from the first session of our Legislature in 1850 provided such right. (Stats. 1850, ch. 141, § 5, p. 425; Stats. 1863, ch. 411, §§ 13-14, p. 655; Stats. 1866, ch. 550, § 7, pp. 769-770.)

■ The right to trial by jury is, of course, a basic and fundamental part of our jurisprudence. Any doubts on the issue should be resolved in favor of preserving a litigant's right to trial by jury. (*Byram* v. *Superior Court, supra,* 74 Cal.App.3d 648, 654.) ■ Although the *Byram* court was expressly referring to the right to jury trial under the California Con-

---

[9]The parties are in agreement that to the extent a right to trial by jury exists, it is satisfied by a two-tiered procedure which affords a jury trial in the de novo proceeding in superior court, although no jury trial is afforded in the small claims court. (See *Capital Traction Company* v. *Hof* (1899) 174 U.S. 1 [43 L.Ed. 873, 19 S.Ct. 580].) Some legal commentaries reflect similar agreement. (See Note, *The California Small Claims Court* (1964) 52 Cal.L.Rev. 876, 881; Comment (1934) 34 Colum.L.Rev. 932, 940; *Comment on Cases* (1923) 11 Cal.L.Rev. 265, 276, 279.)

[10]We believe that the language of the statute referring to "an issue of fact . . . presented by the pleadings" may be reasonably interpreted to include an issue deemed presented when a defendant appears to contest the basis for the unlawful detainer action set forth in the plaintiff's claim.

[11]Amendments not relevant to the provision for trial by jury were subsequently made. (See Code Amends. 1873-1874, ch. 383, § 152, p. 349; Code Amends. 1880 [Code Civ. Proc.], ch. 20, § 5, p. 9.)

stitution, we see no reason why the policy of resolving doubts in favor of trial by jury should apply any less in the case of statutory guarantees. We note that *Jacob* v. *New York* (1942) 315 U.S. 752, 753 [86 L.Ed. 1166, 1168, 62 S.Ct. 854], cited by the *Byram* court, has expressed that view with respect to federal jury trial rights: "A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts." Therefore, given the absence of an express statutory prohibition to the application of section 1171 in unlawful detainer actions originating in small claims court, the long-established statutory right to jury trial in unlawful detainer actions in California, and the fundamental policy of construction favoring the right to a jury trial, we conclude that section 1171 affords petitioner the right to trial by jury in her trial de novo on appeal from the judgment taken against her in the unlawful detainer action in the small claims court. (Cf. *Department of Transportation* v. *Kerrigan* (1984) 153 Cal.App.3d Supp. 41 [200 Cal.Rptr. 865] [§ 1171 authorizes jury trial on defense of retaliatory eviction in unlawful detainer action].)

Moreover, an additional statutory basis supports petitioner's claim. Section 592 provides in pertinent part: "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this Code. . . ." Respondent contends that this provision *merely codifies* the constitutional right to trial by jury guaranteed under article I, section 16. Respondent then argues that since there is no right to jury trial under the constitutional provision, none is afforded under section 592. In support of its contention that section 592 merely codifies the constitutional right to jury trial as established at common law, respondent relies upon *Pomeroy* v. *Collins* (1926) 198 Cal. 46, 70-71 [243 P. 657], *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.* (1915) 169 Cal. 545, 556 [147 P. 238], and *County of Sacramento* v. *Superior Court* (1974) 42 Cal.App.3d 135, 140 [116 Cal.Rptr. 602]. We do not read those cases so broadly. We interpret them, rather, as holding that section 592 applies only to legal actions and not to suits in equity or special proceedings.[12] While we agree that the word "actions" in section 592 is open to interpretation (as indicated by the foregoing cases), we find no room for interpretation with respect to the section's lucid reference to legal actions "for the recovery of . . . real . . . property."

---

[12]*Pomeroy* held section 592 inapplicable to an action for cancellation of trust instruments, a suit in equity. *Vallejo* held it inapplicable to issues other than the amount of compensation in a condemnation action, a special proceeding. *County of Sacramento* held it inapplicable in a special proceeding to obtain relief from the claim presentation requirement under the Tort Claims Act.

██ Unless it can be demonstrated that there is a compelling reason why the natural and customary import of statutory language should be disregarded, courts must give effect to the statute's plain meaning. (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; 2A Sutherland, Statutory Construction (4th ed. 1973) § 46.01, p. 49.) If statutory language is "clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Tiernan, supra,* at p. 218, citing *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].)

██ We find section 592 to be clear and unambiguous in its provision for trial by jury in actions for the recovery of real property. And it is well established that an unlawful detainer action is one for the recovery of real property. (*Markham* v. *Fralick* (1934) 2 Cal.2d 221, 227 [39 P.2d 804] [unlawful detainer action based upon nonpayment of rent; primary purpose is for recovery of possession of property]; *Arnold* v. *Krigbaum* (1915) 169 Cal. 143, 146 [146 P. 423] [main object is recovery of possession], overruled on another point in *Green* v. *Superior Court* (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168]; *Union Oil Co.* v. *Chandler* (1970) 4 Cal.App.3d 716, 721 [84 Cal.Rptr. 756] ["unlawful detainer action is a summary proceeding, the primary purpose of which is to obtain the possession of real property"].)

Accordingly, we determine that petitioner is independently entitled to a jury trial herein by virtue of the provisions of section 592. Again, we limit our holding to trials de novo on appeal from an unlawful detainer judgment rendered in the small claims court.[13] In view of our determination, we need not and do not reach the intriguing constitutional questions raised in the briefs of the parties and amici.

Finally, we briefly address respondent's somewhat heuristic concerns respecting the burden jury trials may place upon the court system and upon small claims plaintiffs forced to litigate in de novo jury trials on appeal from unlawful detainer judgments. In 1983, the Judicial Council reported that while the number of civil appeals from lower courts to the California superior courts had increased from 9,088 in 1975-1976 to 14,138 in 1981-1982,[14] less than .06 percent of such appeals had been disposed of by jury trial in 1981-1982.[15] The percentage of appeals disposed of did not vary

---

[13]We express no opinion whether the same right is required in trials de novo on appeal in general.

[14]Judicial Council of California, Annual Report (1983) Judicial Statistics, Filings, part II, chapter 2, page 102. Statistics on the number of appeals filed have only been available since 1975-1976. (*Ibid.*)

[15]Judicial Council of California, Annual Report, *supra,* Judicial Statistics, Dispositions, part II, chapter 2, page 109.

significantly during the period from 1975 through 1982.[16] Thus, a very small number of all appeals, including a limited number of small claims actions, was actually tried by jury notwithstanding the decision in *Smith* v. *Superior Court, supra,* 93 Cal.App.3d 977, upholding the right of jury trial in small claims appeals prior to the amendment of rule 155.

While it may prove burdensome for some claimants, the plaintiff's interest in an expeditious disposition cannot outweigh the defendant's right to trial by jury in a proceeding to evict her from her home. As the United States Supreme Court has so emphatically stated: "Our courts were never intended to serve as rubber stamps for landlords seeking to evict their tenants, but rather to see that justice be done before a man is evicted from his home." (*Pernell* v. *Southall Realty* (1974) 416 U.S. 363, 385 [40 L.Ed.2d 198, 214, 94 S.Ct. 1723]; accord *S.P. Growers Assn.* v. *Rodriguez* (1976) 17 Cal.3d 719, 730 [131 Cal.Rptr. 761, 552 P.2d 721], quoting *Pernell.*) The *Pernell* court pointedly rejected "the notion that there is some necessary inconsistency between the desire for speedy justice and the right to jury trial." (416 U.S. at p. 384 [40 L.Ed.2d at p. 214].) We are similarly persuaded.

■ Having concluded that petitioner is entitled to a trial by jury, and in order to maintain the validity of rule 155 of the California Rules of Court, we construe that rule as not being inconsistent with a trial by jury in small claims appeals in unlawful detainer actions.[17] (Cf. *Department of Corrections* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 197, 207 [152 Cal.Rptr. 345, 589 P.2d 853] [statutes to be construed whenever possible to avoid constitutional infirmity].)

Let a peremptory writ of mandate issue commanding respondent superior court to set aside its order denying petitioner a trial by jury and to permit the matter of Robert A. Imhoff v. Sue Ann Maldonado, S.C.A. Case No.

---

[16]Judicial Council of California, Annual Report (1982) at page 78; 1981 Report at page 100; 1980 Report at page 75; 1979 Report at page 71; 1978 Report at page 86.

[17]We must reject respondent's argument that rule 155 is not subject to such construction because it provides that the trial be conducted informally, that the *judge* give judgment, and that no tentative decision or statement of decision is required. We have no doubt that trial judges can conduct such proceedings with a considerable degree of informality although a jury be used. And, whether a case is tried by jury, it is only the *judge* who can give judgment. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 42, p. 3210; Cal. Judges Benchbook, Civil Trials (C.J.E.R. 1981) § 16.43, pp. 507-508.) Moreover, the provision referring to a tentative decision or statement of decision can be reasonably interpreted to apply to those cases in which *no* jury trial is requested.

16272, to proceed to jury trial. The stay heretofore imposed shall be dissolved upon finality of this opinion.

Newsom, J., and Holmdahl, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 14, 1985. Broussard, J., was of the opinion that the petition should be granted.