Opinion
 

 McDANIEL, J.
 

 After a jury trial arising from an automobile collision, a unanimous verdict was returned for Douglas Leavitt and Howard Peterson (defendants). The trial court, on its own motion, then granted judgment notwithstanding the verdict (j.n.o.v.) for Steven Sturgeon (plaintiff) awarding him $500 in damages. Plaintiff appeals from that judgment only, and we
 
 [1]
 

 
 *960
 
 I
 

 Plaintiff, while a passenger in an automobile stopped at a traffic signal, was struck broadside by another automobile. Defendant Peterson was the driver, and defendant Leavitt was the owner and passenger of the adverse vehicle. Thereafter, plaintiff filed a complaint in the Superior Court of San Bernardino County charging defendants with negligence in causing the automobile collision and demanding damages according to proof.
 

 On the first day of trial, defendants admitted having caused the collision. Thereupon, they made a motion
 
 in limine
 
 to exclude further evidence on the manner in which the collision had occurred, this upon the ground of its claimed irrelevancy. Specifically, that evidence would have demonstrated that defendants were intoxicated at the time of the accident. The trial court granted defendants’ motion. Hence, the only issues tried to the jury were
 
 proximate cause
 
 and the nature and extent of plaintiff’s alleged injuries, i.e.,
 
 damages.
 

 During trial, plaintiff argued, as a result of the collision, that both his right and left knees struck the dashboard of the car in which he was riding, thereby causing physical injuiy. Plaintiff emphasized, however, that the most significant injury occurred to his right knee eventually requiring the surgical removal of bone chips from that knee. Plaintiff bolstered that testimony with the expert opinion of Dr. Bailey who opined that the right knee had been severely injured in the collision.
 

 Defendants countered by arguing, if plaintiff’s right knee had in fact been injured, that such an injury occurred either before or after the litigated collision, but not as a result of that collision. Defendants supported their contention by introducing evidence showing that shortly after the litigated collision, plaintiff consulted a physician complaining of a painful
 
 left
 
 knee, but making no complaint about his
 
 right
 
 knee. Additionally, defendants introduced medical records into evidence demonstrating that in 1971 plaintiff had sustained a football injury to his right knee. Moreover, defendants also introduced evidence showing that plaintiff had injured his right knee in an automobile collision after the collision giving rise to this litigation. As noted, the jury ultimately believed defendants’ version of the facts and returned a unanimous verdict in their favor.
 

 Notice of entry of judgment on the verdict was mailed by the clerk of the court on April 6, 1978. On April 18, plaintiff noticed a motion for a
 
 *961
 
 new trial based on alleged insufficiency of the evidence. Plaintiff argued in his moving papers that uncontroverted evidence had been presented indicating that he had suffered an injury to his left knee. Accordingly, he contended that he was entitled to a favorable verdict and some measure of damages. Before argument on that motion the trial court, by minute order dated May 11, notified the parties that “[o]n the court’s own motion, court will consider judgment nov in favor of plaintiff.” Six days later, May 17, the trial court issued a minute order denying plaintiff’s motion for a new trial, but granting him judgment n.o.v. In that minute order the court stated that “because there is no factual dispute as to injury to plaintiff’s left knee . . . damages were sustained [by plaintiff) in the amount of $500.00.”
 
 [2]
 

 Plaintiff then filed a notice of “motion to set aside prior order denying plaintiff’s motion for new trial and granting the court’s motion for judgment n.o.v. and for the court to enter a new and different order”; to wit a new trial on all issues. The trial court denied that motion, and
 
 plaintiff
 
 appealed.
 

 II
 

 Plaintiff’s
 
 sole
 
 contention on appeal is that the trial court lacked jurisdiction to grant j.n.o.v. in his favor after the jury returned a verdict for defendants. Code of Civil Procedure section 629 embodies the procedural rules applicable to considering a motion for j.n.o.v. and provides in part: “The court, before the expiration of its power to rule on a motion for a new trial,
 
 either of its own motion, after five days’ notice,
 
 or on motion of a party against whom a verdict has been rendered, shall render judgment in favor of the aggrieved party notwithstanding the verdict whenever a motion for a directed verdict for the aggrieved party should have been granted had a previous motion been made. [1]
 
 A motion for judgment notwithstanding the verdict shall be made within the period specified by Section 659 of this code in respect of the filing and serving of notice of intention to move for a new trial.”
 

 [3]
 

 (Italics added.)
 

 
 *962
 
 Regarding the cross reference in section 629 to section 659, the relevant portion of that latter section reads: “The
 
 party
 
 intending to move for a new trial must file with the clerk and serve upon each adverse party a notice of his intention to move for a new trial. . . [w]ithin
 
 15 days
 
 of the date of mailing notice of entry of judgment by the clerk of the court. . . .” (Italics added.)
 

 Plaintiff reasons, because the clerk’s notice of entry of judgment for defendants was mailed on April 6, 1978, and the trial court did not announce its intent to move for j.n.o.v. until May 11, 1978, that the court’s motion was beyond the 15-day period denoted in section 659. That time period is jurisdictional. Accordingly, when a motion for j.n.o.v. is filed after that time period has expired, the motion is ineffectual and the trial judge has no power to act on it. (5 Witkin, Cal. Procedure (2d ed. 1971) § 58, p. 3634; see also
 
 Neale
 
 v.
 
 Morrow,
 
 174 Cal. 49, 51-52 [161 P. 1165];
 
 Douglas
 
 v.
 
 Janis,
 
 43 Cal.App.3d 931, 936 [118 Cal.Rptr. 280].) Hence, plaintiff argues, the trial court lacked jurisdiction to grant the j.n.o.v. in his favor.
 

 Defendants counter that the legislative intent behind section 629 is “primarily . . . synchronizing the time when the trial court makes its orders relating to the motions which have been made for judgment NOV and for new trial. . . .” According to defendants, the Legislature did not intend to impose section 659’s 15-day time limitation applicable to a party’s new trial motion on j.n.o.v. motions made by the trial court.
 

 Plaintiff relies on
 
 Espinoza
 
 v.
 
 Rossini,
 
 247 Cal.App.2d 40 [55 Cal.Rptr. 205], as supporting his contention that the 15-day period applies equally to j.n.o.v. motions made by the court or by a party. In
 
 Espinoza,
 
 the court addressed the issue of whether a trial court had complied with that portion of section 629 requiring a court to rule on a motion for a new trial at the same time that it rules on a j.n.o.v. (See fn. 3,
 
 ante.)
 
 The trial court failed specifically to comply with that rule because it ruled on the motions for a new trial on Friday and ruled on the motions for j.n.o.v. the following Monday. Regardless, the Court of Appeal held in
 
 Espinoza
 
 that “[f]rom these facts we are able to surmise that for all intents and purposes
 
 *963
 
 the court ruled on both motions at approximately the same time, and the three-day delay in the entry of its orders on the permanent court minutes was due to the intervening holidays. Under these circumstances, we believe that there was substantial compliance with section 629, and that although the trial court’s action was irregular, the irregularity is not fatally defective. The contrary interpretation would either invalidate both orders or invalidate the trial court’s order granting respondents’ motion for judgment notwithstanding the verdict, and under the facts of this case would defeat the apparent intent and purposes of the Legislature in amending section 629.”
 
 (Id.,
 
 at p. 46.)
 

 The language that plaintiff points to as offering support for his theory preceded the court’s holding noted above and was offered as dicta. That dicta reads: “In other words,
 
 the procedure to be followed by both the court and the aggrieved party in relation to a motion for judgment notwithstanding the verdict is synchronized with the procedure prescribed for a motion for a new trial, containing the same time periods, time limits and consequences, ” (Id.,
 
 at p. 46, italics added.)
 

 In our view, however, the
 
 Espinoza
 
 court failed to carefully analyze and compare the statutory language appearing in sections 629 and 659. That failure resulted in the
 
 Espinoza
 
 court’s erroneous conclusion, in dicta, that a trial court, in moving for j.n.o.v., was bound by the time limits provided in section 659.
 

 Section 629 expressly deals with the procedural rules to be followed in moving for and ruling on motions for j.n.o.v. That section, as noted above, specifically limits a trial court’s power to rule on the motion in the following ways: First, the trial court must enter j.n.o.v. “before . . . expiration of its power to rule on a motion for a new trial,” otherwise the judgment is invalid. Section 660 indicates that “the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court. . . .” Second,
 
 on the trial court’s own motion
 
 it can grant j.n.o.v., but only after giving five days notice to the parties and only in accordance with the procedure just noted. Third, the trial court is precluded from
 
 ruling
 
 on a motion for j.n.o.v. “until the expiration of the time within which a motion for a new trial must be served and filed . . .” which according to section 659 is 15 days “of the date of mailing notice of entry of judgment. . . .”
 

 The central phrase appearing in section 629 that plaintiff contends applies with equal force to motions for j.n.o.v. interposed by the court or
 
 *964
 
 by a party reads: “A motion for judgment notwithstanding the verdict shall be made within the period specified by Section 659 . . .within 15 days after the court clerk mails notice of entry of judgment. Section 659’s time limits apply, in the first instance, as noted above, to motions for new trials. A trial court, of course, has no inherent power to grant a new trial on its own motion and on that basis the application of section 659’s time limits to motions for j.n.o.v. made by the trial court is problematic. (5 Witkin, Cal. Procedure (2d ed. 1971) § 45, p. 3621 and cases cited therein.) Furthermore, the time limits promulgated by the Legislature in section 659 expressly apply only to
 
 parties
 
 to the litigation. In that regard, section 659 reads “[t]he
 
 party
 
 intending to move for a new trial must file with the clerk and serve upon each adverse party a notice of
 
 his
 
 intention to move for a new trial. . . .” (Italics added.)
 

 Axiomatically, “[i]f the words of a statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Fn. omitted.]” (45 Cal.Jur.2d, § 104, p. 619.) “[T]he judicial function is simply to ascertain and declare what is in terms or substance contained in the statute, not to insert what has been omitted, or omit what has been inserted. [Citation.]”
 
 (Wisdom
 
 v.
 
 Eagle Star Ins. Co.,
 
 211 Cal.App.2d 602, 605 [27 Cal.Rptr. 599].) We are persuaded that the Legislature intended the cross reference to section 659 appearing in section 629 to apply only when a
 
 party
 
 and not the
 
 court
 
 moves for a judgment notwithstanding the verdict. The statutory language appearing in section 659 addresses itself only to motions made by a party, not by a court. Thus, we would be acting improvidently to interpret that language similarly to circumscribe motions for j.n.o.v. made by a court.
 

 „ In conclusion, a trial court on its own motion, with five days’ notice to the parties, can grant j.n.o.v. so long as it acts before expiration of its power to rule on a motion for a new trial, 60 days, and after expiration of the time within which a motion for a new trial must be served and filed—15 days. Otherwise, no express time limit within which the court must make its motion for j.n.o.v. has been imposed by the Legislature.
 

 The foregoing time frames were observed by the trial court in the case before us for decision. We accordingly affirm the judgment notwithstanding the verdict.
 

 Kaufman, Acting P. J., and Morris, J., concurred.
 

 [1]
 

 In his notice of appeal, plaintiff purports also to appeal “from the Order denying new trial. . . .” An order denying a new trial is nonappealable and we therefore dismiss that appeal. (See, e.g.,
 
 Martin
 
 v.
 
 Johnson,
 
 88 Cal.App.3d 595, 608 [151 Cal.Rptr. 816].) Only by a precautionary appeal from the original judgment could plaintiff gain a review of the denial of his motion for a new trial. Accordingly, the procedural posture of this case dictates that if we reverse the judgment plaintiff gets nothing because the original judgment would thereby be reinstated for defendants. We also note, that in essence plaintiff is appealing from a judgment in his favor. A fundamental precept of appellate procedure is that “if the judgment or order is
 
 in favor of a party
 
 he is not aggrieved and cannot appeal.” (6 Witkin, Cal. Procedure (2d ed. 1971) § 121, p. 4118, and cases cited therein, original italics.) The most obvious exception to that rule, however, is that a party is properly characterized as aggrieved thereby having standing to appeal when awarded less than originally demanded. (See, e.g.,
 
 Maxwell Hardware Co.
 
 v.
 
 Foster,
 
 207 Cal. 167, 170 [277 P. 327];
 
 Leafv. Phil Rauch, Inc.,
 
 47 Cal.App.3d 371, 375, fn. 1 [120 Cal.Rptr. 349];
 
 Schmidt
 
 v.
 
 Maceo Construction Co.,
 
 119 Cal.App.2d 717, 721 [260 P.2d 230].) However, plaintiff, in his brief on appeal, fails specifically to argue inadequacy of damages in contesting the j.n.o.v. in his favor. We can readily infer from the fact plaintiff contests the propriety of the j.n.o.v., however, that he was dissatisfied with the award of $500 as damages. Hence, in our view, plaintiff can be marginally characterized as aggrieved for purposes of this appeal.
 

 [2]
 

 Defendants do not contest the sufficiency of the evidence supporting the trial court’s award of $500 to plaintiff. We note, however, that if defendants had interposed such a contention we would have ruled that it lacked merit. After reviewing the record on appeal we are persuaded substantial evidence supported the j.n.o.v. and hence, the $500 award.
 

 [3]
 

 The balance of section 629 pertinent to our discussion here reads as follows: “The making of a motion for judgment notwithstanding the verdict shall not extend the time within which a party may file and serve notice of intention to move for a new trial. The court shall not rule upon the motion for judgment notwithstanding the verdict until the expiration of the time within which a motion for a new trial must be served and filed, and
 
 *962
 
 if a motion for a new trial has been filed with the court by the aggrieved party, the court shall rule upon both motions at the same time. The power of the court to rule on a motion for judgment notwithstanding the verdict shall not extend beyond the last date upon which it has the power to rule on a motion for a new trial. If a motion for judgment notwithstanding the verdict is not determined before such date, the effect shall be a denial of such motion without further order of the court.”