[Civ. No. 26202. Fourth Dist., Div. One. July 2, 1982.]

ANN MARIE HEBERT, Plaintiff and Respondent, v.
HELEN M. HARN, Defendant and Appellant.

COUNSEL

Marshall Miles for Defendant and Appellant.

A. C. Pierce for Plaintiff and Respondent.

OPINION

**WIENER, J.**—Following an arbitrator's award in a judicial arbitration proceeding (Code Civ. Proc., § 1141.10 et seq.)[1] any party may elect to have a de novo jury or court trial provided the request is made within 20 days after the arbitrator files the award with the court. (§ 1141.20 and Cal. Rules of Court, rule 1616.) Neither the statute nor the rules

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

conditions the de novo trial on the defendant's participation in the arbitration proceeding or his filing of a motion to set aside or vacate the award.

An Orange County superior court rule requires a party who fails to appear at the arbitration hearing to file a noticed motion in order to obtain the de novo trial.[2] ■ As we shall explain, we have concluded the local rule which appears to give discretion to the trial court to deny the request unless the moving party establishes good cause for failing to participate in the arbitration proceeding is invalid because it contravenes the statute.

On November 16, 1976, plaintiff Ann Marie Hebert sued Helen M. Harn for damages arising from an automobile accident which had occurred about a year earlier. More than four years later, after a series of interesting but, for our purposes, irrelevant procedural events, Harn answered the complaint and cross-complained. On March 11, 1981, Hebert answered Harn's cross-complaint. Later, the lawyers for both parties and Harn individually were notified of an arbitration hearing set for May 18, 1981. For reasons which are unclear, the arbitration proceeding did not occur on the scheduled date allowing Harn, acting for herself, to move on June 26, 1981, to restrain the arbitration proceedings and to dismiss Hebert's complaint. On July 14, 1981, Harn's motion was denied. The arbitration hearing occurred on the following day absent Harn who declined to appear. The arbitrator awarded Hebert damages of $7,211.40. Upon receiving written notice of the award on July 25, 1981, Harn promptly requested a trial de novo pursuant to California Rules of Court, rule 1616.[3] She then moved on July 28, 1981, to set aside the award and for a trial de novo after she was told that a local Orange County superior court rule required a written mo-

---

[2]The local rule contained in the May 26, 1981, letter from the presiding judge states: "Please take notice that effective immediately, the Orange County Superior Court will no longer routinely accept trial de novo requests after arbitration from a party who fails to appear at an arbitration hearing. Parties who fail to appear at a properly noticed arbitration hearing, and who find the arbitrator's award unsatisfactory, must make a noticed motion to set aside the arbitrator's award in Department One on the Thursday motion calendar prior to the case being restored to the Civil Active List."

[3]Rule 1616 provides in part: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. The 20 day period within which to request trial may not be extended."

tion. Her motion was denied on the ground there was "no good cause." This appeal followed.

In July 1976, the California Legislature responded to the demands of improving the efficient resolution of small civil claims by enacting a judicial arbitration statute. (See ch. 2.5, §§ 1141.10, 1141.20 added by Stats. 1975, ch. 1006, § 1, p. 2364.) This first legislative effort authorizing voluntary judicial arbitration was later amended requiring compulsory arbitration in counties with 10 or more judges in all civil cases where the amount in controversy in the opinion of the court did not exceed $15,000 for each plaintiff. (See Stats. 1978, ch. 743, § 1, p. 2303, operative July 1, 1979; § 1141.11.) The Legislature made clear that whatever procedure was devised should be simple, economical, quick and private (see § 1141.10, subds. (b)(1) and (2)), transferring to the Judicial Council the responsibility of promulgating rules for practice and procedure for all actions submitted to arbitration (§ 1141.14). Cognizant of article 1, section 16 of the California Constitution which gives to all the inviolate right to trial by jury and sensitive to the competing interests of those who would be affected by the legislation, the Legislature also provided in section 1141.20 that within 20 days following the arbitration award "[a]ny party may elect to have a de novo trial, by court or jury, both as to law and facts." The Judicial Council adopted rule 1616 to conform with the provisions of the statute. (See § 1141.14.)

Orange County, with more than 10 superior court judges, may adopt local rules to implement the judicial arbitration statutes and the Judicial Council rules provided the local rules are not inconsistent with the law and the rules prescribed by the Judicial Council. (See Gov. Code, § 68070.) Thus Orange County may by local rule impose a requirement of a noticed motion for those defendants failing to appear at a court-ordered judicial arbitration proceeding who wish a trial de novo provided the court through that process does not deny to those persons any right they may have under the law.

We believe it is appropriate to defer to local judicial administration for the determination of what techniques are best to cope with the ever increasing judicial workloads. Here, for example, the Orange County superior court may have decided a written motion requesting a trial de novo was administratively beneficial in order to avoid possible scheduling conflicts on the trial date selected, to set up an impromptu settlement conference, or to resolve discovery issues. These legitimate

considerations, however, which may be productive of more efficient calendar management cannot be expanded to exceed the scope of the legislation authorizing judicial arbitration.

In enacting judicial arbitration as an alternative to the traditional method of dispute resolution, the Legislature, aware of the constitutional mandate of the right to jury trial, unconditionally provided any party could so elect upon making a request within 20 days of the award. (See § 1141.20.) The Legislature recognized that a trial de novo following arbitration could "not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." (*Application of Smith* (1955) 381 Pa. 223 [112 A.2d 625, 629].) ■ Where a local rule has the effect of closing the courts to the defaulting party making the decision of the arbitrator the final determination in the case, the party is denied due process of law. (*Ibid.*; see also *Capital Traction Co. v. Hof* (1899) 174 U. S. 1 [43 L.Ed. 873, 19 S.Ct. 580].)

In the context of the small claims court, the Legislature has had ample opportunity to observe the judicial perception of legislative efforts to simplify the process of resolving disputes involving small sums of money. In *Brooks v. Small Claims Court* (1973) 8 Cal.3d 661 [105 Cal.Rptr. 785, 504 P.2d 1249], the California Supreme Court held the requirement of then sections 117*l* and 117*ll* requiring the furnishing of an undertaking or putting up a deposit as a prerequisite to appeal from a small claims court decision was a denial of due process. Further, in *Smith v. Superior Court* (1979) 93 Cal.App.3d 977, 980 [156 Cal.Rptr. 149], a right to trial by jury following a small claims action was held reserved in a de novo proceeding because to do otherwise would be unconstitutional.

As the courts responded to specific legal issues in small claims matters, the Legislature also attempted to keep pace with recommendations to allow consumers easy access to the courts. (See, e.g., Stats. 1976, ch. 1289, § 2, p. 5766; Stats. 1977, ch. 46, §§ 3 and 4, p. 424; Stats. 1978, ch. 723, § 2, p. 2271; Stats. 1979, ch. 964, § 1, p. 3309; Stats. 1981, ch. 957, § 1, p. 3640 (No. 7, West's Cal. Legis. Service, p. 3516; No. 6 Deering's Adv.Legis. Service, p. 746); Stats. 1981, ch. 958, § 2. p. 3641.) One of the legislative amendments in small claims was to impose prerequisites upon a defaulting defendant before that defendant could appeal to the superior court. (See § 117.8, subds. (b) and (c).) The Legislature provided that before a trial de novo following a small

claims court hearing, a defaulting defendant must move to vacate the judgment and appear at that hearing. Only where the motion is denied may he then appeal to the superior court, but only for the purpose of challenging the denial of the motion to vacate. (*Ibid.*) Where the superior court finds that the defendant's motion to vacate the judgment should have been granted, the superior court may then hear the defendant's appeal. (§ 117.8, subd. (c).)

■ Unlike the provisions governing procedures to be followed in appeals from the small claims court, there are no procedural prerequisites imposed upon a defaulting defendant in a judicial arbitration proceeding before he may seek a trial in the superior court other than making that request within the 20 days. This omission in the statute is significant. In enacting the judicial arbitration statute, we may assume the Legislature knew of its enactments pertaining to the prerequisites to appealing a small claims court judgment. (See *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].) Because of this knowledge and the ease with which the Legislature could have imposed similar requirements on a defendant who failed to participate in a judicially ordered arbitration hearing, we conclude this omission reflects the intent of the Legislature that access to the court for a new trial following a judicially ordered arbitration was to be procedurally unfettered. Although we might view the local rule as salutary, it is beyond the scope of the present legislation. Presumably, if the Legislature determines that the administration of the judicial arbitration statute can be improved by imposing conditions similar to those now required by Orange County, it will amend the statute or delegate to superior courts the right to make such amendments. In the absence of such legislation, we must conclude the local Orange County superior court rule is invalid to the extent that it imposes a requirement of "good cause" before a defaulting defendant in a judicially ordered arbitration proceeding may seek a new trial in the superior court.[4]

---

[4]An independent concern which contributes to our holding involves the lack of standards in the local rule to guide the exercise of the court's discretion in granting or denying the motion to set aside. In fact, the rule as drafted does not even specify whether court *has* discretion to deny the motion. A party may decline to participate in judicially ordered arbitration for numerous reasons ranging from malice to financial constraints to objections over the choice of arbitrators. We view the lack of a substantive guideline in Orange County's rule as constituting a significant impairment of the litigant's right to notice of the standards by which his conduct will be judged.

Judgment reversed with instructions to the trial court to allow Helen M. Harn her court or jury trial.[5]

Cologne, Acting P. J., and Work, J., concurred.

[5]Appellant has also requested this court dismiss the case because of the failure of the plaintiff to comply with section 581a in not serving the summons within three years after commencement of the action. We decline to do so. We have avoided repeating the lengthy procedural history where Harn has now managed to avoid two default judgments. The first default judgment was set aside after she implored the court for a right to a trial on the merits and her counsel agreed to arbitrate the dispute. She may not now claim plaintiff's failure to serve the summons and complaint within the statutory period warrants a dismissal. Moreover, there is nothing in this record to support her claim that Hebert lacked diligence or was unreasonable in prosecuting her case.