[No. B002010. Second Dist., Div. Seven. July 3, 1984.]

STACEY ROBINSON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LA RHONDA WILLIAMS, a Minor, etc., et al., Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

---

\*This opinion is certified for partial publication pursuant to rules 976 and 976.1 of the California Rules of Court. The published portions of this opinion consist of the opening two paragraphs, the statement of facts (section I.), section II. and the conclusion. The unpublished portion of this opinion concerns well-settled areas of the law (section III.) and the heading which relates to this section is designated with an asterisk (\*).

**COUNSEL**

Murchison & Cumming, James S. Link and Dallas Sacher for Petitioners.

No appearance for Respondent.

Jay S. Rothman for Real Parties in Interest.

**OPINION**

**JOHNSON, J.**—Petitioners, Stacey and Robert Robinson, defendants in a civil action, seek a writ of mandate to compel the superior court to vacate its order denying a motion to confirm a judicial arbitration award against them. Real party in interest, LaRhonda Williams, seeks a trial de novo despite that she prevailed at the arbitration hearing. We granted an alternative writ to consider whether a plaintiff, after electing judicial arbitration and receiving the maximum award allowed under the election to arbitrate, is entitled to trial de novo.

In the published portion of this opinion we answer that question in the negative. A plaintiff who forces the defendant into the arbitral forum and receives exactly the amount of damages she requested cannot then force her opponent to defend in still another forum. In the unpublished portion of this opinion, however, we remand the case to the trial court to determine the merits of an additional ground raised by Williams for granting a trial de novo under the unique circumstances of this case.

## I. STATEMENT OF FACTS AND PROCEEDINGS BELOW

In April 1982 LaRhonda Williams, Rhonda Robinson, and Rosemary Walker, all minors, filed a form complaint for damages for personal injuries sustained during a traffic accident. Real party Williams alleged while she and her two friends were crossing the street in a crosswalk they were hit by a car driven by petitioner, Stacey Robinson.

On September 29, 1982, all three plaintiffs filed elections to arbitrate the dispute under Code of Civil Procedure section 1141.12, subdivision (b) (ii)[1] and California Rules of Court, rule 1600.5 (b).[2] Under those provisions of the judicial arbitration act (§§ 1141.10-1141.30; rules 1600-1617), a plaintiff or plaintiffs may elect arbitration in Los Angeles County if they agree the arbitration award will not exceed $25,000 for each plaintiff.

The arbitration hearing was conducted on May 31, 1983, eight months after the election to arbitrate was filed. Immediately before the hearing began Williams' counsel conferred with Robinsons' counsel and the arbitrator, Jack L. Mattingly. During this conference Williams' counsel explained his client's injuries were much more extensive than originally anticipated. He believed her damages would exceed the $25,000 which Williams earlier agreed was the maximum amount the arbitrator could award to her. Williams' counsel further explained he would request a trial de novo for his client regardless of the outcome of the arbitration. He then asked the arbitrator to indicate in the award the amount of damages he believed Williams had suffered without regard to the $25,000 maximum. Robinson's counsel did not object to either the expressed intent to request a trial de novo or the request the arbitrator state a damage award in excess of the agreed upon maximum.[3]

At the conclusion of the arbitration the arbitrator found Rhonda Roberson and Rosemary Walker had suffered damages in the amounts of $1,000 and $5,000 respectively and awarded those sums to them. With respect to Williams though, he found she had suffered damages in the amount of $150,000. However, due to the unilateral demand for arbitration which limited the award to $25,000, he awarded $25,000 to Williams.

On June 9, 1983, Williams requested a trial de novo under section 1141.20 and rule 1616. Those statutes state *any* party may obtain a trial de novo provided only that the request is filed within 20 days of the filing of the arbitration award.[4] On June 20, 1983, the request for trial de novo was amended to include all three plaintiffs. However, apparently later in June the claims of plaintiffs Rosemary Walker and Rhonda Roberson were settled in the amounts awarded to them by the arbitrator.

The Robinsons responded to Williams' request for trial by moving to confirm the $25,000 arbitration award. They argued the broad language of

---

[1] All statutory references are to the Code of Civil Procedure.

[2] All rules cited are to the California Rules of Court.

[3] The facts concerning what happened at the conference preceding the arbitration are gleaned from an affidavit submitted by Jack L. Mattingly, the attorney who presided at the arbitration.

[4] Williams' request for a de novo trial was timely.

section 1141.20 and rule 1615(c) should be limited to deny a de novo trial where a plaintiff, as here, receives the maximum amount allowed under the election to arbitrate. The trial court rejected the Robinsons' argument and this petition for writ of mandate followed.

II. ■ A Plaintiff Who Elects Arbitration and Agrees to a $25,000 Limit on the Award Ordinarily Cannot Demand Trial De Novo After Arbitration Where She Was Awarded $25,000.

Williams contends the language of section 1141.20 and rule 1616(a) create an absolute right to a de novo trial after judicial arbitration.

Section 1141.20 provides: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. . . ." Rule 1616(a) provides: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, . . ."

Williams essentially argues since these statutes impose only one condition on the ability to obtain a trial de novo—filing of the request within 20 days of the arbitration award—she is entitled to a trial despite that she received the maximum allowable award at the arbitration.

The language of these provisions, without more, supports Williams' argument. ■ However, we are directed by our high court to construe statutes "with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts." (*People ex rel. Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) Provisions within an act should be construed so as to accomplish the legislative purpose as determined from the entire statutory scheme. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].)

In the case of the judicial arbitration act, the Legislature specifically provided it was based on the finding the delay and expense of resolving small civil claims in the judicial forum resulted in unfairness to litigants as well as the finding arbitration is an efficient and equitable alternative to the judicial forum. (§ 1141.10, subd. (a).)[5] The purpose of judicial arbitration is

---

[5]Section 1141.10, subdivision (a) provides: "(a) The legislature finds and declares that litigation involving small civil claims has become so costly and complex as to make more difficult the efficient resolution of such civil claims that courts are unable to efficiently resolve the increased number of cases filed each year, and that the resulting delays and expenses deny parties their right to a timely resolution of minor civil disputes. The Legislature further finds and declares that arbitration has proven to be an efficient and equitable method for resolving small claims, and that courts should encourage or require the use of arbitration for such actions whenever possible."

to "provide parties with a simplified and economical procedure for obtaining prompt and equitable resolution of . . . disputes." (§ 1141.10, subd. (b).)

We proceed by examining the broad language in section 1141.20 and rule 1616(a), which seemingly confers an unfettered right to trial after judicial arbitration,[6] with an eye toward this legislative purpose and the other provisions in the act.

■ At the outset we note under the act there are three ways in which a case may proceed to arbitration. First, the parties may voluntarily stipulate to arbitration. (§ 1141.12, subd. (a).) Second, the court must impose arbitration upon the parties when it determines the amount in controversy will not exceed $15,000, or $25,000 in larger counties. (§ 1141.11.) Finally, the plaintiff may force a defendant into arbitration by election if the plaintiff also voluntarily agrees to limit the award to $15,000, or $25,000 in larger counties. (§ 1141.12, subd. (b)(ii).) One commentator has characterized the form of arbitration which results from these procedures as being either "voluntary," "compulsory" or "hybrid" respectively. (See Heher, *Compulsory Judicial Arbitration In California: Reducing the Delay and Expense of Resolving Uncomplicated Civil Disputes* (1978) 29 Hastings L.J. 475, 490.) As will become clear, the rules governing the arbitration hearing and its effect depend upon which form of arbitration is involved. We conclude whether both parties have an absolute right to a de novo trial also depends upon which form of arbitration is involved.

Section 1141.16, subdivision (b)[7] provides the determination of the amount in controversy between the parties shall be without prejudice at the arbitration hearing and at a subsequent trial de novo in two situations: (1) when the amount is determined by the court under the compulsory arbitration provisions; and (2) when the parties stipulate to the amount under the voluntary arbitration provisions. Thus when a case is submitted to arbitration by the court or by the parties' mutual assent there are two significant consequences: the arbitrator is not bound by the $25,000 amount in controversy and that figure has no significance at a subsequent trial de novo.[8]

---

[6]For some observations concerning the policy underlying the Judicial Arbitration Act see Halperin, *Arbitration of Superior Court Cases: A Preliminary Guide* (1976) 51 State Bar J. 472, 522.

[7]Section 1141.16, subdivision (b) provides in pertinent part: "The determination and any stipulation of the amount in controversy shall be without prejudice to any finding on the value of the case by an arbitrator or in a subsequent trial de novo."

[8]Section 1141.21 provides for imposition of costs if the party requesting the trial de novo receives a judgment less favorable than the arbitration award. In that situation the arbitration does have some significance at the later trial.

Section 1141.16, subdivision (b) has no counterpart which governs an arbitration conducted at the plaintiff's election, however. Thus in the case of the hybrid form of judicial arbitration, the arbitrator is bound by the amount in controversy as stated by the plaintiff in the election to arbitrate. Similarly, although other provisions in the act may make reference to the prohibition against referring to the arbitration award at a subsequent trial, regardless of the form of arbitration, (e.g., § 1141.25) section 1141.16, subdivision (b) refers only to voluntary or compulsory arbitration.

Section 1141.26[9] also distinguishes compulsory judicial arbitration from the hybrid form of arbitration. That section specifically allows the arbitrator to make an award in excess of the $15,000 or $25,000 amount in controversy. But such an award is permissible only if the case was submitted to arbitration by the court. The statute does not authorize an excess award in the situation where, as here, the case reaches arbitration at the plaintiff's election.[10]

The cited provisions establish an intent by the Legislature to vary the arbitration rules depending upon which form of arbitration is involved. Without reference to these provisions, Williams argues the case of *Hebert v. Harn* (1982) 133 Cal.App.3d 465 [184 Cal.Rptr. 83] establishes the right to trial de novo under section 1141.20 is absolute, regardless of whether the arbitration was voluntary, compulsory, or at the plaintiff's election. In *Hebert* the Fourth District Court of Appeal held invalid an Orange County superior court rule requiring a defendant who failed to appear at an arbitration hearing to show good cause before obtaining a trial de novo. (*Id.*, at p. 467.) Based in part on the defendant's constitutional right to jury trial, the court concluded since the governing statutes impose no such requirement on the de novo trial right the local rule exceeded the scope of the legislation, "[T]here are no procedural prerequisites imposed upon a defaulting defend-

---

[9]The first sentence of section 1141.26 provides: "Nothing in this act shall prohibit an arbitration award in excess of the amount in controversy as specified in Section 1141.11." Section 1141.11 specifies the amount in controversy for the compulsory form of arbitration only.

[10]Our interpretation of sections 1141.16, subdivision (b) and 1141.26 is consistent with the rule recommended by the California Judicial Council prior to the enactment of the arbitration act. In a 1972 study the council recommended enactment of the following rule: "Rule 3. Submission to Arbitration

"(a) The plaintiff in an action in which an at-issue memorandum has been on file at least three (3) months, may have that case placed upon the Arbitration Hearing List by filing a notice to that effect with the Arbitration Administrator and by serving a copy of the notice upon the defendant. Any award given to the plaintiff under this subdivision shall not exceed the sum of seventy-five hundred dollars ($7,500.00)." (Judicial Council of California, A Study Of The Role Of Arbitration In The Judicial Process (1972) at p. 97.)

Thus, the proposed rule 3 provides if an arbitration is conducted at the plaintiff's election the award is limited to a specified dollar amount.

ant in a judicial arbitration proceeding before he may seek a trial in the superior court other than making that request within the 20 days. This omission in the statute is significant. . . . Because of . . . the ease with which the Legislature could have imposed . . . requirements on a defendant who failed to participate in a judicially ordered arbitration hearing, we conclude this omission reflects the intent of the Legislature that access to the court for a new trial following a judicially ordered arbitration was to be procedurally unfettered." (*Id.,* at p. 470.)

Although *Hebert* implies no limitations may be imposed on the de novo trial right it does not say so specifically. Instead, the court merely held no *procedural* requirements, other than the time limit provided for in the statute, may be imposed. In any event, *Hebert* can be distinguished from the present case.

In *Hebert* the case was apparently submitted to *compulsory* arbitration as a result of a judicial determination the amount in controversy was less than $15,000. Here, in contrast, Williams *elected* arbitration by unilaterally demanding it under section 1141.12, subdivision (b)(ii) and *voluntarily* agreeing she could receive no more than $25,000. As a result of compulsory arbitration, both the plaintiff and the defendant in *Hebert* were initially forced out of the judicial forum and into the arbitral forum. Here, Williams herself elected arbitration and her unilateral decision forced the defendant into the arbitral forum. In *Hebert* the defendant was applying for a de novo trial whereas in the instant case Williams, the plaintiff, who requested the arbitration, is now seeking dispute resolution in another forum. Given these distinctions, while we may find *Herbert* compelling we do not find it controlling on whether section 1141.20 must be construed to allow a de novo trial in this case.

We find there is some authority for the Robinsons' contention the right to trial after judicial arbitration may be limited in some circumstances. In *Genovia* v. *Cassidy* (1983) 145 Cal.App.3d 452 [193 Cal.Rptr. 454], the Court of Appeal affirmed the trial court's denial of plaintiffs' request for trial de novo after mandatory judicial arbitration. The court gave three reasons for its conclusion plaintiffs lost their right to a trial by asking the arbitrator to enter an award for the defendant. First, plaintiffs had deliberately attempted to avoid both the court's order to proceed to arbitration and the legislatively created arbitral process as well. Second, plaintiffs' conduct deprived defendant of the right to speedy and economical resolution of the dispute by arbitration. Finally plaintiffs' conduct deprived the defendant of the opportunity to recover costs after the trial de novo under section 1141.21.[11] (*Id.,* at pp. 457-458.) The court in *Genovia* distinguished *Hebert*

---

[11]See footnote 8, *ante.*

v. *Harn* on the ground in that case there was no deliberate plan to circumvent the arbitration laws. (*Id.*, 145 Cal.App.3d at p. 459.)

In the case before us, the record does not suggest Williams was trying to avoid the arbitration process in bad faith. It appears what happened in this case was the late discovery of extensive damages which led Williams' attorney to try to avoid the $25,000 jurisdictional limit of the arbitration rather than the arbitral process itself.[12] Counsel asked the arbitrator to state a damage figure in excess of the jurisdictional limit. This request may have been an attempt to utilize the arbitral process, in order to force a settlement. By asking the arbitrator to specify the extent of damages counsel may have been trying to determine the value of his client's case in order to make informed decisions during settlement negotiations rather than trying to circumvent arbitration.

We are thus unpersuaded *Genovia* compels the conclusion Williams cannot obtain a trial de novo. The decision in *Genovia* was based on a bad faith attempt to circumvent arbitration which is not present here. However, one of the three reasons given by the court in *Genovia,* unfairness to the defendant, may apply where a plaintiff forces the opponent into arbitration, receives the maximum award, and then seeks to litigate the dispute. "One obvious disadvantage to [the defendant] is that he was denied the benefits of his right to a simple, more economical procedure for the prompt resolution of the issues. The arbitration procedures, established by the Legislature, give this right to *all* parties." (*Genovia* v. *Cassidy, supra,* 145 Cal.App.3d 452, 457; italics added.)

 Unfairness is manifest when a plaintiff forces a defendant into the arbitral forum where the defendant's potential liability is limited, and later after receiving the maximum award, forces the defendant into the judicial forum where liability is potentially unlimited. We believe a limitation on the right to trial de novo in that situation is warranted to protect the defendant from, in effect, defending two actions instead of one. Moreover, in most situations no unfairness will flow to the plaintiff by imposing this limitation. Usually a plaintiff is aware of the total amount of her damages by the time she files her election to arbitrate. By filing such an election she agrees to limit her recovery in exchange for prompt and inexpensive reso-

---

[12]Williams' attorney should have brought a motion to withdraw from arbitration as soon as he realized his client's damages exceeded $25,000. (See *Invicta Plastics* v. *Superior Court* (1981) 120 Cal.App.3d 190, 193 [174 Cal.Rptr. 476] [although the rules of court contain no provision for withdrawing from an election to arbitrate, rule 1600.5(f), which exempts from arbitration any case which the trial court determines is not amenable to arbitration, implies the authority to remove a case from arbitration where damages exceed the jurisdictional limit].)

lution of the dispute. When the maximum amount is awarded she has received everything she asked for according to her own election to arbitrate.

We believe the instant case is analogous to the situation where a party receives a judgment in his favor but claims some error in the proceedings. In that situation the so-called "aggrieved party principle" prevents the party from bringing an appeal. (*Maxwell Hardware Co.* v. *Foster* (1929) 207 Cal. 167, 170 [277 P. 327].) ■ "A fundamental precept of appellate procedure is that 'if the judgment or order is *in favor of a party* he is not aggrieved and cannot appeal.' The most obvious exception to that rule, however, is that a party is properly characterized as aggrieved thereby having standing to appeal when awarded less than originally demanded." (*Sturgeon* v. *Leavitt* (1979) 94 Cal.App.3d 957, 959, fn. 1 [156 Cal.Rptr. 687]; citations omitted.) Thus the prevailing party who receives a judgment for at least as much as originally demanded is not "aggrieved" and so cannot appeal.

Relying on *Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831 [187 Cal.Rptr. 449, 654 P.2d 219]; *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214 [82 Cal.Rptr. 469] and *Sinnamon* v. *McKay* (1983) 142 Cal.App.3d 847 [191 Cal.Rptr. 295] the Robinsons argue the general rules governing appeals, including the aggrieved party principle, apply to all de novo trial requests. We disagree. The cases cited applied the rule strictly enforcing statutory time limits for filing appeals to time limits for filing requests for trials de novo. They did not address the issue of whether the aggrieved party principle or any other general rules of appeal would apply to de novo trial requests. We thus reject the contention trial de novo requests are governed by the general rules governing appeals. However the aggrieved party principle is analogous to our reasoning in this case and we cite that principle for purpose of illustration.

■ Earlier we noted in enacting the Judicial Arbitration Act the Legislature was motivated by the desire to provide parties with a prompt and economical alternative for resolving disputes. (§ 1141.10, subd. (b).) We believe the conclusions we reach are consistent with these goals. If a plaintiff can obtain arbitration by agreeing to a maximum award and then obtain a court trial even if she receives that maximum, both of the legislative goals are frustrated. First, the arbitration has caused a delay in resolving the controversy rather than resolving the controversy more efficiently. This is obvious since the parties will submit the dispute to two forums instead of only one. Likewise resolution of the dispute becomes more expensive instead of more economical. The parties must pay costs incident to two proceedings instead of only one. Moreover, the defendant's payment of the costs for arbitration amount to throwing money down the drain. He has

nothing to gain from arbitration if regardless of the outcome he will have to pay for defending in court anyway.

III. Under Circumstances of This Case the Court May Refuse to Confirm the Arbitration Award Under Its Authority to Protect the Interest of a Minor.*

. . . . . . . . . . . . . . . . . . . . . . . . .

## Conclusion

Williams should have moved to withdraw from arbitration once it was apparent her damages exceeded $25,000. (See *Invicta Plastics* v. *Superior Court, supra,* 120 Cal.App.3d 190, 193.) Williams' election to arbitrate and her express agreement to limit her recovery to $25,000 committed her to a $25,000 maximum arbitration award. However, the election did not preclude her from withdrawing from arbitration before the arbitration hearing was conducted based on her discovery of new evidence she was more severely damaged. The preferred practice, and *Invicta Plastics* provides authority for the practice, would have been for Williams to move to withdraw from the arbitration before the hearing was held. But given the unique circumstances of this case, which we delineate in the unpublished portion of this opinion, we remand the case to the trial court to determine, in its discretion, whether Williams should be excused from failing to make that motion.

## Disposition

The petition is denied. The alternative writ is discharged and the stay of trial previously issued is dissolved. The case is remanded for disposition consistent with the views expressed in this opinion.

Thompson, Acting P. J., and Lew, J.,† concurred.

A petition for a rehearing was denied August 2, 1984, and the opinion and judgment were modified to read as printed above. Petitioners' application for a hearing by the Supreme Court was denied September 26, 1984.

---

*See footnote, *ante,* page 98.

†Assigned by the Chairperson of the Judicial Council.