[No. B010480. Second Dist., Div. Five. Dec. 17, 1985.]

CELESTE C. MERRITT, Plaintiff and Respondent, v.
ELAINE MARKS et al., Defendants and Appellants.

COUNSEL

Hornwood & Aronoff and Steven H. Hornwood for Defendants and Appellants.

George H. Lowerre III for Plaintiff and Respondent.

OPINION

ASHBY, J.—Respondent Celeste Merritt sued appellants Elaine Marks, Gary Goldberg and Norma Berson for fraud in the sale of real property.

The case was ordered into judicial arbitration. Appellants and their attorney failed to appear. The arbitrator awarded $9,108 to respondent. Appellants timely filed a request for a trial de novo, pursuant to Code of Civil Procedure section 1141.20[1] and California Rules of Court rule 1616. The request was denied without prejudice to their making a motion to set aside the default before the arbitrator. This appeal followed.

█ Under section 1141.20, subdivision (b), "[a]ny party may elect to have a de novo trial, by court or jury, both as to law and facts. . . ." The judicial arbitration legislation (§ 1141.10 et seq.) sets forth no procedural prerequisites for a defaulting defendant before he or she seeks trial in the superior court other than making the request within 20 days. (*Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 470 [184 Cal.Rptr. 83].) █ It cannot be said that there is an absolute right to a de novo trial. Where a party deliberately attempts to circumvent court-ordered arbitration proceedings by requesting the arbitrator to enter an award in favor of the other party, it is not an abuse of discretion by the superior court to dismiss the action. (*Genovia* v. *Cassidy* (1983) 145 Cal.App.3d 452 [193 Cal.Rptr. 454].) Where a party, ordered into arbitration, wilfully fails to participate in the arbitration by refusing to put on evidence, dismissal is proper. (*Lyons* v. *Wickhorst*█ (Cal.App.).) █ █ █ Dismissal is justified because no party may deliberately avoid a legislatively created arbitrable process and a court's order to proceed with arbitration, and because an opposing party is deliberately deprived of a right to a speedy and economical resolution of the dispute by arbitration.[2] (*Genovia* v. *Cassidy, supra,* at p. 457; see also *Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334 [189 Cal.Rptr. 450] [holding that after trial de novo is granted a party may not voluntarily dismiss without prejudice to avoid adverse arbitrator's award].) █ Where a defendant defaults and there is neither a finding nor a showing of a "premeditated, intentional and purposeful course of action" (*Genovia* v. *Cassidy, supra,* at p. 458), there is no justification for dismissing the matter, and the request for a trial de novo should be granted.

█ The trial court made no finding that appellants deliberately did not appear at the arbitration hearing.[3] The record does not support respondent's

---

[1]All statutory references are to the Code of Civil Procedure.

[2]Furtherance of the legislative goals behind the judicial arbitration act and protection of defendants from manifest prejudice warrants an additional limitation on the right to trial de novo. A plaintiff who elects judicial arbitration and agrees to the maximum award of $25,000, pursuant to section 1141.12, subdivision (b)(ii), and California Rules of Court, rule 1600.5(b), and is awarded $25,000, is not entitled to a trial de novo. (*Robinson* v. *Superior Court* (1984) 158 Cal.App.3d 98 [204 Cal.Rptr. 366].)

[3]"MR. HORNWOOD [counsel for appellants]: Are you making your order 'with wilfulness'?

suggestion that appellants' default was deliberate. Appellants' attorney did not have the arbitration hearing noted on his office calendar. He said that the omission was the result of a mistake on the part of his former secretary. He denied trying to circumvent arbitration and added, "I have no reason to try to protect my clients from an arbitration date. They may not have liked it, but I certainly had no objection." Respondent contends that her attorney called appellants' attorney from the arbitration hearing, at the request of the arbitrator, and that he told the gentleman who answered why he was calling, but appellants' attorney refused the call. This contention is countered by a declaration of yet another attorney, the one who answered the phone. According to his statement, respondent's attorney did not explain the purpose of the call. There being no showing of deliberate default, appellants were entitled to have their request for a trial de novo granted.

The trial court urged appellants to make a motion to set aside the default before the arbitrator. We find no provision for making the motion before the arbitrator at any time. California Rules of Court rule 1615(c)[4] provides that an award shall become a judgment 30 days after it is filed if no request for a trial has been filed. Rule 1615(d)[5] permits a party against whom a judgment was entered to move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing, or upon a ground set forth in section 473 or section 1286.2, and upon no other grounds; notice is to be sent to the arbitrator. This procedure provides that a motion to set aside the default must be made before a trial court after the award becomes a final judgment. Appellants could not have gone back to the arbitrator for relief. The step they took was the one they were entitled to take by the statutory scheme. Their request for a trial was proper under the judicial arbitration legislation and should have been granted.

---

"THE COURT: Whatever. [¶] What I am saying is that you weren't there, counselor. . . .

". . . . . . . . . . . . . . . . . . . . . . . .

"MR. HORNWOOD: I didn't have the issue of wilfulness raised until yesterday when a copy of the response was mailed to me.

"THE COURT: Counselor, I haven't said one word about 'wilfulness' or anything else. You just weren't there."

[4]Rule 1615(c) provides in pertinent part: "The clerk shall enter the [arbitrator's] award as a judgment forthwith upon the expiration of 30 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules."

[5]The pertinent language of rule 1615(d) is as follows: "A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, move to vacate the judgment on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in section 473 or subdivisions (a), (b), and (c) of section 1286.2 of the Code of Civil Procedure, and upon no other grounds."

The judgment is reversed.

Feinerman, P. J., and Eagleson, J., concurred.