[No. B022386. Second Dist., Div. Five. Mar. 18, 1988.]

ALLEN M. ZATKIN, Plaintiff and Appellant, v.
FRANK R. CESARE, Defendant and Respondent.

**COUNSEL**

Charness & Berkson and Myron A. Berkson for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett and Clifford H. Woosley for Defendant and Respondent.

## OPINION

**ASHBY, Acting P. J.**—In this matter we hold that the trial court erred in dismissing appellant's action as a sanction for appellant's misuse of the arbitration system.

### SUMMARY OF CASE

Appellant Allen M. Zatkin filed a complaint for personal injuries and property damages against respondent Frank R. Cesare. After respondent answered, appellant acknowledged that his claim was less than $25,000 by electing to arbitrate the matter pursuant to California Rules of Court, rule 1600(b). Thereafter, appellant filed a motion for relief from election to arbitrate. Appellant based the motion upon an assertion that damages for his loss of earnings might necessitate a judgment in excess of $25,000. Appellant's motion was denied without prejudice.

Appellant demanded $25,000 to resolve the matter. Respondent offered $15,000 as complete settlement of appellant's claim. Respondent admitted liability but the parties could not reach an agreement as to damages. The matter proceeded to arbitration at which time appellant's presentation of evidence included medical records and reports, police report, photographs, and oral testimony. Appellant waived his claim for loss of earnings and did not present any evidence on that issue. The arbitrator awarded appellant $4,500.

Appellant filed a request for trial de novo pursuant to Code of Civil Procedure section 1141.20 and California Rules of Court, rule 1616(a), (b) and (c).[1] Respondent filed a motion to strike [appellant's] request for trial de novo contending that appellant misused the arbitration forum because appellant intended to file a request for trial de novo regardless of the outcome

---

[1] Code of Civil Procedure section 1141.20 states in pertinent part: "(a) An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court. [¶] (b) Any party may elect to have a de novo trial, by court or jury, both as to law and facts."

California Rules of Court, rule 1616 states in part as follows: "(a) Within 30 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. . . . [¶] (b) The case shall be restored to the civil active list for prompt disposition, in the same position on the list it would have had if there had been no arbitration in the case, unless the court orders otherwise for good cause. [¶] (c) The case shall be tried as though no arbitration proceedings had occurred. No reference may be made during the trial to the arbitration award, to the fact that there had been arbitration proceedings, to the evidence adduced at the arbitration hearing, or to any other aspect of the arbitration proceedings, and none of the foregoing may be used as affirmative evidence, or by way of impeachment, or for any other purpose at the trial."

of the arbitration in order to present evidence on his loss of earnings claim. After evaluating the declarations and pleadings filed by both parties, the trial court granted respondent's motion, finding that although appellant chose the arbitration procedure he thereafter simply "went through the motions" and in bad faith abused the system. The trial court ordered the request for trial de novo stricken, removed the case from the civil active list, and entered judgment on the arbitration award.

Based upon additional declarations, including a declaration from the arbitrator, appellant filed a motion for reconsideration. Upon the court's own motion and Evidence Code section 703.5, the court excluded the declaration of the arbitrator and denied the reconsideration motion finding that appellant intended to seek a trial de novo regardless of the arbitration outcome.

Appellant appeals from the order granting respondent's motion to strike the request for trial de novo contending that the court could not deny him the right to a trial. We agree and reverse the trial court's ruling.

## DISCUSSION

Preliminarily we note that by granting respondent's motion to strike appellant's request for trial de novo and entering judgment on the arbitrator's award, the trial court effectively ended appellant's lawsuit.

The decision of the trial court was prior to the Supreme Court's decision in *Lyons* v. *Wickhorst* (1986) 42 Cal.3d 911 [231 Cal.Rptr. 738, 727 P.2d 1019]. In *Lyons* the lower court dismissed an action after plaintiff refused to appear or present evidence at two court-ordered arbitration hearings. The Supreme Court reversed and held that "[a]n immediate and unconditional dismissal entered at the first suggestion of noncooperation [in the arbitration process] is too drastic a remedy in light of the fact that arbitration was not intended to supplant traditional trial proceedings but to expedite the resolution of small civil claims." (*Id.* at p. 919.) The court noted that the usual remedy to ameliorate the unfairness which results from a party's nonparticipation in or abuse of the arbitration process is to impose sanctions under Code of Civil Procedure section 128.5. ▋ Code of Civil Procedure section 128.5 was specifically amended to allow trial courts to order any reasonable expenses, "including attorney's fees" when a party to a judicial arbitration engages in bad faith actions or frivolous or delaying tactics. (*Lyons* v. *Wickhorst, supra,* 42 Cal.3d at pp. 918-919.)

▋ On appeal, we indulge all reasonable inferences to support the findings of the trier of fact (*Crogan* v. *Metz* (1956) 47 Cal.2d 398, 403-404

[303 P.2d 1029]). Assuming the trial court properly excluded the affidavit of the arbitrator pursuant to Evidence Code section 703.5, inferences drawn from the record support the finding that appellant misused the arbitration process. The court found that appellant intended to ask for a trial regardless of the arbitrations outcome so he could present loss of earnings. (Evid. Code, § 703.5.)[2] However, in light of *Lyons,* dismissal is too severe a penalty.

■ Respondent suggests that the holding in *Lyons* should not be applied to this case because, different from *Lyons,* appellant voluntarily elected arbitration. In *Lyons* the plaintiff's action was ordered into the arbitration process when the lower court determined that the amount in controversy did not exceed $25,000. (Code Civ. Proc., § 1141.11.)[3] In the instant matter, appellant voluntarily elected to arbitrate pursuant to Code of Civil Procedure section 1141.12, subdivision (b) and California Rules of Court, rule 1600(b)[4] thus acknowledging that the foreseeable value to his claim would not exceed $25,000. Thereafter, appellant voluntarily chose not to renew his motion for relief from election to arbitrate which had earlier been denied without prejudice.

---

[2]Evidence Code section 703.5 states as follows: "No person presiding at any judicial or quasi-judicial proceeding shall be competent to testify, in any subsequent civil proceeding, as to any statement or conduct occurring at the prior proceeding, except as to a statement or conduct that could (a) give rise to civil or criminal contempt, (b) constitute a crime, (c) be the subject of investigation by the State Bar or Commission on Judicial Performance, or (d) give rise to disqualification proceedings under subdivision (5) of Section 170 of the Code of Civil Procedure."

[3]Prior Code of Civil Procedure section 1141.11 read in pertinent part as follows: "(a) In each superior court with 10 or more judges, all at-issue civil actions pending . . . shall be submitted to arbitration, . . . if the amount in controversy in the opinion of the court will not exceed twenty-five thousand dollars ($25,000) for each plaintiff, which decision shall not be appealable. [¶] (b) In each superior court with less than 10 judges, the court may provide by local rule, . . . that all at-issue civil actions pending . . . shall be submitted to arbitration . . . if the amount in controversy in the opinion of the court will not exceed twenty-five thousand dollars ($25,000) for each plaintiff, which decision shall not be appealable. [¶] (c) In each municipal court district, the municipal court district may provide by local rule, . . . that all at-issue civil actions pending . . . shall be submitted to arbitration by the presiding judge or the judge designated under this chapter." (Code Civ. Proc., § 1141.11, amended by Stats. 1985 ch. 1383, § 3, pp. 4905-4906. The present Code Civ. Proc., § 1141.11, amended by Stats. 1987, ch. 1204, § 1, authorizes arbitration if the amount in controversy does not exceed fifty thousand dollars ($50,000).)

[4]Code of Civil Procedure section 1141.12, subdivision (b) reads as follows: "In all other superior, municipal, and justice courts, the Judicial Council shall provide by rule for a uniform system of arbitration of the following causes: . . . . [¶] (ii) Upon filing of an election by the plaintiff, any cause in which the plaintiff agrees that the arbitration award shall not exceed the amount in controversy as specified in Section 1141.11."

California Rules of Court, rule 1600(b) reads in part as follows: "Except as provided in rule 1600.5 [¶] the following actions shall be arbitrated: . . . . [¶] (b) Upon filing of an election by a plaintiff, any action in any court in which the plaintiff agrees that the arbitration award shall not exceed $25,000."

The purpose of the judicial arbitration statutes (Code Civ. Proc., §§ 1141.10-1141.32) and the rules of judicial arbitration (Cal. Rules of Court, rules 1600-1617) are to lessen the court's burden by encouraging parties to seek redress in an inexpensive, efficient, and expedient alternative forum. (*Lyons* v. *Wickhorst, supra,* 42 Cal.3d at pp. 923-925, conc. opn., Bird, C. J.; *Robinson* v. *Superior Court* (1984) 158 Cal.App.3d 98, 102-103 [204 Cal.Rptr. 366]; Code Civ. Proc., § 1141.10, subd. (b).) To find that a plaintiff's action could be dismissed if the plaintiff elects arbitration, but not if the court orders arbitration, would defeat the purpose of the legislation and discourage voluntary elections by plaintiffs who would fear the potential consequences. The policy of the law is to encourage participation by litigants. Thus, even though it would have been preferable for appellant to have properly withdrawn from the arbitration process (*Robinson* v. *Superior Court, supra,* 158 Cal.App.3d at p. 108), rather than to abuse the arbitration system, to draw the distinction urged by respondent would discourage participation in alternative judicial forums.

■  Respondent also requests that we limit appellant's ability to present evidence in the trial de novo on appellant's loss of earnings claim because appellant failed to do so in the arbitration and because his failure necessitated the new trial request. However, respondent cites no authority for this request and it would be inappropriate for us to curtail either party's presentation in a trial de novo. (Cal. Rules of Court, rule 1616(c), fn. 1, *ante.*)

The order is reversed and the matter is remanded to the trial court with directions to determine the appropriate remedy consistent with this opinion. Each party is to bear their own costs on appeal.

Boren, J., and Hastings, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied June 1, 1988.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.